GEORGE SCHLUMP, Plaintiff in Error, *v.* JOHN P. REIDERSDORF, Defendant in Error.

ERROR TO JO DAVIESS.

An affidavit in support of petition for a change of venue, can only be made a part of the record by a bill of exceptions; and unless presented there, will not be considered by this court.

THIS was a suit commenced before a justice of the peace by John P. Reidersdorf against Schlump. Judgment was rendered by the justice of the peace in favor of Reidersdorf, for sixty-two dollars and twenty eight cents.

Schlump appealed to the Circuit Court of Jo Daviess county.

At the appearance term of the Circuit Court, the plaintiff was notified that the defendant would make his application for a change of venue in said suit, and on Tuesday, the 22nd day of October, 1861, being the second day of said term, the defendant filed his petition for a change of venue in said cause, which avers that George M. Schlump, being first duly sworn, fears that he will not receive a fair trial in the said Circuit Court of said Jo Daviess county, because the plaintiff, John P. Reidersdorf, has an undue influence over the minds of the inhabitants of said Jo Daviess county, wherein the said action is now pending, and because the inhabitants of said Jo Daviess county are prejudiced against this affiant, so that he cannot expect a fair trial in said cause. That the said causes for a change of venue above alleged have come to the knowledge of affiant within the past five days from the date of this application, which is made on this 22nd day of October, 1861, and not before. He therefore prays a change of venue according to the statute in such case made and provided.

This petition was in the nature of an affidavit.

The motion for change of venue, after argument by counsel, was overruled by the court; to which ruling the defendant excepted.

The defendant was then defaulted, and the appeal dismissed by the court at the costs of the appellant, Schlump.

Defendant below brings this case to the Supreme Court, and filed his bill of exceptions; but the affidavit or petition for a change of venue was not embodied in it.

E. S. LELAND, and L. SHISSLER, for Plaintiff in Error.

B. C. COOK, for Defendant in Error.

CATON, C. J. The statute regulating proceedings for a change of venue, requires a petition and an affidavit, stating

the truth of the facts relied upon to sustain the petition. If the petition is a part of the record, the affidavit is not, and can only be brought into the record by a bill of exceptions, and this requirement of the law cannot be evaded by stating in the petition all the necessary facts to require a change of venue and swearing to that, and thus get the affidavit into the record without a bill of exceptions. Here the affidavit is not embodied in the bill of exceptions, and consequently we cannot examine it, although the clerk has copied into the record what purports to be an affidavit supporting the petition for a change of venue. We cannot therefore say, the court erred in overruling the motion for a change of venue.

The judgment must be affirmed.

*Judgment affirmed.*