BENJAMIN BEDEE

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

1. BILL OF EXCEPTIONS—*when necessary.* The petition for a change of venue, and the affidavits in support thereof, are not a part of the record, and can only be made so by bill of exceptions, and unless thus preserved they can not be considered by this court; although the clerk may have copied them into the transcript.

2. SAME—*what it should contain.*  Where the bill of exceptions does not purport to contain the evidence offered by the plaintiff, but only contains certain questions asked by defendant's counsel, objections thereto, and the ruling of the court sustaining such objections, and this court can not see, from the record, that the excluded evidence was competent or pertinent to the issue, the judgment will not be disturbed.

3. CRIMINAL LAW—*when former conviction can not be pleaded.*  Where a defendant has been indicted, and found guilty by the verdict of a jury, if the judgment is arrested on his motion he has not been legally in jeopardy, and can not plead the conviction in bar to a subsequent indictment.

WRIT OF ERROR to the Circuit Court of Winnebago county; the Hon. WILLIAM BROWN, Judge, presiding.

Messrs. WAKEMAN & WAKEMAN, for the plaintiff in error.

Mr. JAMES K. EDSALL, Attorney General, and Mr. J. C. GARVER, for the People.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an indictment against plaintiff in error, for the murder of John Connor, found at the March term, 1873, of the McHenry county circuit court.  Upon petition of plaintiff in error, the venue in the cause was changed to Winnebago county, and at the May term, 1873, of the circuit court of that county, a trial was had, a verdict of guilty of murder rendered, and plaintiff in error sentenced to nineteen years' imprisonment in the penitentiary.  This writ of error is brought to reverse the judgment.

It is alleged as error that the venue was changed to Winnebago county, which was not the next nearest county to McHenry county where the cause complained of for the change of venue did not exist.  It is sufficient to say, that neither the petition for the change of venue nor the affidavit in support thereof, which is required by the statute, were preserved of record in a bill of exceptions.  Such affidavits, as this court has repeatedly held, can only be made a part of the record by embodying the same in a bill of exceptions, and unless thus preserved they can not be considered by the court, although the clerk may

21—73D ILL.

have copied the same into the transcript. *Schlump* v. *Reiders-dorf*, 28 Ill. 68; *Hartford F. Ins. Co.* v. *Vanduzor*, 49 id. 489; *Drew* v. *Beall*, 62 id. 164. The affidavits, could we examine the same, might show Winnebago to be the next nearest county where the causes for a change of venue, complained of, did not exist.

Every presumption is to be in favor of the correctness of the action of the circuit court.

The same answer is to be made to the objections taken to the withdrawing and amending papers after having been filed in the clerk's office of Winnebago county, and the denial of the motion to have the panel of jurors filled by drawing at the office of the county clerk before entering upon the trial. Nothing of this appears by the bill of exceptions. It contains only a portion of the evidence and exceptions thereon.

It is alleged as error that the court overruled the demurrer to the replication to defendant's plea of a former conviction.

The defendant pleaded a former conviction at a former trial upon a previous indictment against him for the same alleged crime, by the finding of a verdict of guilty of murder against him by the jury.

The replication to the plea was, that on the motion of the defendant the judgment on the verdict was arrested, and no judgment was ever entered thereon.

It was held at an early day by this court, and never since departed from, that where a prisoner has been indicted, and found guilty by the verdict of a jury, if the judgment has been arrested on his motion he has not been legally in jeopardy, and can not plead the conviction in bar to a subsequent indictment. *Gerard* v. *The People*, 3 Scam. 362.

The demurrer to the replication was properly overruled.

An objection is taken to the exclusion of certain evidence offered by the defendant. The bill of exceptions does not purport to contain any of the evidence offered on the part of the prosecution, but contains certain questions propounded to witnesses by prisoner's counsel, objections thereto on the part of the people, the ruling of the court sustaining the objections,

and the exceptions thereto. This excluded evidence may have had no tendency to rebut, qualify, or explain the evidence offered by the people. We can not say that it had, as the people's evidence is not preserved in the record. It is difficult to see that any state of proof on the part of the prosecution could have made this excluded evidence competent and pertinent to the issue. But, at least, it does not appear upon the record as it is here presented, that the plaintiff in error sustained any legal injury by its exclusion.

Perceiving no error in the record, the judgment must be affirmed.

*Judgment affirmed.*