ELIZA HEACOCK

v.

CHARLES B. HOSMER.

*Filed at Ottawa January 23, 1884—Rehearing denied March Term, 1884.*

1. PRACTICE—*petition for change of venue in chancery case must be preserved in record.* A petition for a change of venue is a mere motion made in a case, and, like other motions, does not become a part of the record in a suit in chancery unless embodied into a bill of exceptions, on certificate properly signed by the presiding judge. The rule in equity, in this respect, is the same as at law.

2. SAME—*what is part of record in chancery suit.* The pleadings in a chancery case, and exhibits, and depositions in writing, are a part of the record, and no certificate of evidence is required to make them such; but the testimony of witnesses called to testify on the hearing and motions made in the case do not become a part of the record unless preserved by bill of exceptions or certificate of the judge. A petition for a change of venue is not a pleading.

3. BURNT RECORDS ACT—*sufficiency of petition.* A petition to establish and confirm title under the Burnt Records act, which gave a description of the land, and averred that the petitioner had an estate in fee simple therein, giving the chain of title under which he claimed, also the names of the persons in possession and those claiming title in opposition, is good under the statute, and such statute is a valid law.

4. SAME—*petition construed, as showing defendants in possession claiming the fee.* A petition to confirm title under the Burnt Records act, in attempting to state the parties claiming title adversely, stated "that the following persons own or claim, as your orator is informed and believes, an estate in fee or some interest in said lands, or some part thereof, as is hereinafter stated, as follows," giving their names, and stating there were no others claiming the same: *Held,* that while the language used did not perhaps express the meaning of the pleader as clearly as might have been done, still, in substance the averment was sufficient, amounting to an averment that the parties named were in possession of the premises, claiming the fee.

5. JURY—*right to trial by, does not extend to equity cases.* The present constitution of the State preserves the right of trial by jury in all cases where that right had existed before its adoption. The right to such trial does not extend to cases in equity, but is confined to cases at law. The act known as the Burnt Records act is not, therefore, unconstitutional, in depriving a party of a trial by jury.

6. SAME—*waiver of right by not asking one.* A party who abides his demurrer to a petition filed under the Burnt Records act, is not in a position to raise the question of the constitutionality of the act, as not giving a right to trial by jury. The defendant in such petition, by not demanding a trial by jury, waives that right, even if entitled to it under the constitution.

7. CHANCERY—*no evidence of facts admitted by demurrer is necessary.* It is a fundamental rule, applicable alike to proceedings in equity as well as at law, that no proof is required of any fact which is admitted by the record to be true. So when a party admits the truth of a petition under the Burnt Records act, by demurring to the same, and abides his demurrer when overruled, he can not object that no evidence is given in support of the allegations of such petition.

8. SAME—*when evidence is necessary under the Burnt Records act.* Under the Burnt Records act, in only two classes of cases is proof required in support of the petition. All other cases are governed by the general rules of chancery practice. When the defendant fails to answer or demur, and a decree is entered against him by default, or when the facts set forth in the petition are put in issue by an answer, the plaintiff is bound to support his petition by evidence, and in either case the evidence must be set forth in the decree.

9. The statute requiring the evidence to be set forth in all decrees against married women, etc., was intended to mean all cases where the statute or general rules of chancery practice require evidence to be heard,—or, in other words, where the decree is founded on evidence, and not on the admissions of the parties. It does not require evidence to be set forth when a party interposes a demurrer which is overruled, and he abides the same.

APPEAL from the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding.

Mr. J. BURNHAM, for the appellant:

We do not claim that the Burnt Records act is unconstitutional, but we claim it does not invest a court of chancery with jurisdiction to try a legal question of title to land. If it does, in that respect it is unconstitutional, as depriving the defendant of a trial by jury. *Ward* v. *Farwell,* 97 Ill. 593; *Whitney* v. *Stevens,* id. 482.

The act is not only in derogation of the common law, but it trenches so closely on constitutional limitations that it should be strictly construed. This court has uniformly held

that a party out of possession is not entitled to sue for possession in chancery against one holding adversely.

Mr. E. A. OTIS, for the appellee:

The petition for a change of venue not being preserved in the record by a bill of exceptions, though copied into the transcript, can not be considered. *McElwee* v. *People*, 77 Ill. 493; *Bedee* v. *People*, 73 id. 320; *Schlump* v. *Reidersdorf*, 28 id. 68.

In equity cases, depositions and exhibits made part of the bill and answer, and filed with them, become part of the record; but other evidence, motions, affidavits or proceedings must be made part of the record by certificate. *Moss* v. *McCall*, 75 Ill. 190; *Brockenbrough* v. *Dresser*, 67 id. 225; *Van Pelt* v. *Dunford*, 58 id. 145.

The certificate contains no petition, affidavit or notice to the other side, all of which are essential. This court has repeatedly held that every presumption is to be made in favor of the correctness of the ruling of the lower court of general jurisdiction. *Bedee* v. *People*, 73 Ill. 322; *McElwee* v. *People*, 77 id. 493; *Moore* v. *Ellsworth*, 51 Ill. 308; *Hunt* v. *Tinkham*, 21 id. 629.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a petition brought by Charles B. Hosmer, in the Superior Court of Cook county, under the Burnt Records act, to restore the title to a certain tract of land in Cook county. The appellant interposed a demurrer to the petition, and subsequently filed a petition for a change of venue. The court denied the application for a change of venue, and upon argument of the demurrer, it, also, was overruled, and appellant electing to abide by the demurrer, the court heard the evidence of petitioner, and rendered a decree as prayed for in the petition.

Two questions arise on the record: First, did the court err in overruling the application for a change of venue; and second, are the allegations of the petition sufficient to authorize the decree.

As to the first question, the petition for a change of venue has not been preserved in the record by certificate of evidence or bill of exceptions, and as it was not so preserved in the record, appellee contends it can not be considered by the court, on appeal. In *Schlump* v. *Reidersdorf*, 28 Ill. 68, it was held that an affidavit in support of a petition for a change of venue can only be made a part of the record by a bill of exceptions, and unless preserved there, will not be considered. In *Bedee* v. *The People*, 73 Ill. 320, which was an indictment for murder, a similar question arose, and it was held that the petition for a change of venue, and the affidavits in support thereof, can only be made a part of the record by bill of exceptions, and unless thus preserved they can not be considered by the court, although the clerk may have copied them into the transcript. In *McElwee* v. *The People*, 77 Ill. 494, the same question arose, and it was again held that a motion for a change of venue does not become a part of the record unless made so by bill of exceptions. Indeed, in actions at law the general rule that a petition for change of venue does not become a part of the record unless made so by bill of exceptions, is not questioned or denied, but it is urged that the general rule has no application to chancery cases. We are unable to perceive any good reason why a petition for a change of venue should become a part of the record in a chancery case, in the absence of a certificate of evidence, when it does not in an action at law. The pleadings in a chancery case, and exhibits, and depositions in writing, are a part of the record, and no certificate of evidence is required to make such documents a part of the record, but the evidence of witnesses called to testify on the trial, and motions made in the case, do not become a part of the record unless pre-

served by bill of exceptions. (*Brockenbrough* v. *Dresser*, 67 Ill. 226; *Van Pelt* v. *Dunford*, 58 id. 145.) A petition for a change of venue is a mere motion made in the case, and, like other motions, it does not become a part of the record unless preserved by certificate, properly signed by the presiding judge.

But it is urged that a petition for a change of venue is a pleading in the case. We are aware of no authority which holds that a petition for a change of venue is a pleading,— indeed, the authority is all the other way. In a note to Story's Equity Pleading, page 4, will be found several concise definitions of the term "pleading." Among others is the following: "Pleadings in equity * * * consist of the formal written allegations or statements of the respective parties on the record to maintain the suit or to defeat it, of which, when contested in matters of fact, they propose to offer proofs, and in matters of law to offer arguments to the court." A petition for a change of venue does not fall under this definition, or any other definition of the term "pleading" within our knowledge. The petition, verified by affidavit, was used in support of a motion entered in the cause to change the venue, and, like any other paper used on a motion made in a cause, could not become a part of the record unless preserved by certificate of evidence or bill of exceptions. This course was not pursued, and the petition is not before us. As the record stands, we have no means of knowing whether the court decided right on the motion to change the venue, or not.

It is next urged that this is not a case for chancery jurisdiction, and that the court erred in overruling the demurrer to the petition. The petition was filed under what is known as the Burnt Records act. (Rev. Stat. 1874, page 841.) Section 15 confers jurisdiction on courts of chancery. Section 16 authorizes the filing of a petition to establish and confirm title where the records have been destroyed. This section

provides what the petition shall contain, and who shall be made defendants. The petition in this case contains a description of the land, and avers that orator has an estate in fee therein, and sets out the chain of title under which he claims. The petition also gives the names of the persons in possession of the premises, and those claiming a fee in the lands in opposition to the petitioner. Without, however, going over all the allegations of the petition, we are satisfied that it contains all that the statute requires, and if the statute itself is a valid law, the petition was not demurrable. As to the validity of the statute, several cases which called in question its validity have been before the court, and it has uniformly been sustained. *Robinson* v. *Ferguson*, 78 Ill. 539; *Bertrand* v. *Taylor*, 87 id. 235; *Mulvey* v. *Gibbons*, id. 367; *Heacock* v. *Lubuke*, 107 id. 396.

But it is said the statute deprived a party of a trial by jury, and upon this ground it is unconstitutional. The same question was raised in the case last cited, and we there held that the act was constitutional, and upon an examination of the constitutional provision bearing on the subject, the law as declared in that case would seem to be beyond dispute. The constitution of 1818 provided that "the right of trial by jury shall remain inviolate." The constitution of 1848 provided that "the right of trial by jury shall remain inviolate, and shall extend to all cases at law, without regard to the amount in controversy." Thus stood the organic law of the State at the time the constitution of 1870 was adopted, and that instrument declared that "the right of trial by jury, as heretofore enjoyed, shall remain inviolate, but the trial of civil cases before justices of the peace, by a jury of less than twelve, may be authorized by law." Under this provision the right of trial by jury was preserved in all cases, and to all persons, where that right had existed before its adoption. But the constitutional provision of 1848 on this subject has never been understood as applying to cases over which courts

of equity have jurisdiction. By its express terms the right of trial by jury is confined to cases at law. Indeed, from the organization of the State down to the present time our courts have exercised jurisdiction in equity, and the practice has been uniform in such courts to hear and determine causes without a jury, and the right to do so has not been questioned or denied. It has been a common practice for years to file bills in equity to partition lands, and in a proceeding of that character the court has ample power to settle all conflicting titles, and that, too, without a jury. The power conferred upon a court of equity by the Burnt Records act is similar to a proceeding in equity for partition, and a proceeding under the former act is no more obnoxious to the constitutional provision for a jury than is a bill in equity for partition. This view of the question is sustained by *Ward* v. *Farwell*, 97 Ill. 593, and *Petition of Ferrier*, 103 Ill. 367. But if it be true that appellant was entitled, under the constitution, to a trial by jury, notwithstanding the statute, she is in no position here to complain of the statute, or the decision of the court under it. If she was entitled to a jury trial, it was her duty to demand a jury, and had the court refused her that right, then she would have been in a position to complain; but she did not ask for a jury in the circuit court, or in any manner indicate to the court that she desired the matters involved in the case submitted to a jury. We are therefore of opinion, as no jury was demanded, the right of trial by jury was waived.

The petition contained the following allegation: "And your orator further states that the following persons own, or claim, as your orator is informed and believes, an estate in fee or some interest in said lands, or some part thereof, as is hereinafter stated, as follows: Eliza Heacock, and her husband, William O. Heacock, and no other persons, to the knowledge and belief of your orator, own or claim an estate in fee, or otherwise, in said lands, or any portion thereof."

This allegation, it is claimed, rendered the petition bad. In a former part of the petition it was alleged that the petitioner owned the premises in fee, and the chain of title under which he derived title was set out. The statute also required the petitioner to allege the names of all persons owning or claiming any estate in fee in the lands, or any part thereof, as well as the names of all persons in possession. The allegation to which exception is taken was intended as a compliance with this requirement of the statute, and while the language used did not, perhaps, express the meaning of the pleader as clearly as might have been done, still in substance the averment was sufficient. The substance of the averment is, that the Heacocks are in the possession of the premises, claiming the fee. The petition contains all the substantial allegations required by the statute, and, in our judgment, the demurrer was properly overruled.

The decree of the Superior Court will be affirmed.

*Decree affirmed.*

Subsequently, on application for a rehearing the following additional opinion was filed:

Per CURIAM: In the petition for a rehearing it is claimed that the decree in this case is erroneous, because it does not set forth the evidence upon which it is based. It is sufficient to say the decree, so far as Mrs. Heacock is concerned, is not based upon evidence at all, but on certain facts specifically set forth in the petition, which she, by her demurrer thereto, has solemnly admitted to be true. It is a fundamental rule, applicable alike to proceedings in equity as well as at law, that no proof is required of any fact which is admitted by the record to be true. The 19th section of the Burnt Records act expressly provides in what cases proof shall be required in support of a petition under it. Two classes of cases only are specified, and all other cases must be governed by the general rules of chancery practice. Where

Additional opinion of the Court.

the defendant fails to answer, and a decree is entered against him by default, or where the facts set forth in the petition are put in issue by an answer, the plaintiff will be bound to support his petition by evidence,—and in either case the evidence must be set forth in the decree. Had the legislature intended evidence should be heard in support of the petition, where the facts, as here, are admitted to be true, it would doubtless have said so, but we find no such a requirement in the statute. Where the statute, therefore, directs the evidence shall be set forth in all decrees against married women, etc., it must be understood to mean all cases where the statute or general rules of chancery practice require evidence to be heard,—or, in other words, where the decree is founded on evidence, and not, as in this case, upon the admissions of the parties. The statute, in express terms, contemplates a defence by demurrer, and a party thus defending has a right to stand by his demurrer, and it is hardly necessary to observe that evidence under such a pleading would be wholly inappropriate. If in such case, where a demurrer is the only pleading filed by the defendant, the plaintiff is still bound to offer proofs in support of the petition, already admitted to be true, the defendant would also clearly be entitled to offer countervailing testimony, and all this without there being any issue of fact raised by the pleadings to which the evidence could apply. We can not believe the legislature ever intended such an anomalous state of things. We are of opinion Mrs. Heacock is not in a position to complain of the alleged error, and that it presents no cause for reversal, so far as she is concerned.

The petition for a rehearing will be denied.

*Rehearing denied.*

DICKEY, SCOTT and SCHOLFIELD, JJ.: We do not concur either in the original opinion or the foregoing *per curiam.*