HATTIE JACKSON, Impleaded, etc.

*v.*

HENRY L. GLOS.

*Filed at Ottawa, November 23, 1892.*

1. CHANCERY — *bill making deceased persons parties — how taken advantage of.* If a bill for the confirmation of title under the Burnt Records Act shows on its face that two persons made defendants were dead before the bill was filed, the irregularity should be taken advantage of by demurrer, so as to afford the complainant an opportunity to dismiss as to such persons. If so taken, the court will be called upon to rule in respect of the costs occasioned by making deceased persons parties.

2. SAME — *preserving evidence — after demurrer to bill is overruled.* When the defendant, under the Burnt Records Act, demurs to the bill and abides the same when overruled, he can not afterward object that no evidence was given in support of the allegations of such petition. In such a case the statute does not require the evidence heard to be set forth and preserved.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. HENRY M. SHEPARD, Judge, presiding.

Messrs. TEWKESBURY & CULVER, for the plaintiff in error.

Mr. H. S. MECARTNEY, for the defendant in error.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was a bill, under the Burnt Records Act, by the defendant in error, against the plaintiff in error, and others.

A demurrer was interposed to the bill, which the court overruled, and this ruling, among others, is assigned for error.

The ground of demurrer alleged was a want of equity. It is insisted by counsel for plaintiff in error that the demurrer should have been sustained, because persons having no interest in the litigation were made parties defendant, and that two persons, Thomas A. Jackson and Mary L. Jackson, whom the

bill shows to have been dead before it was filed, were made defendants. Counsel should have alleged this as ground of demurrer; it certainly does not affect the equity of the bill as between plaintiff in error and defendant in error. Had it been alleged as a ground of demurrer, it would have been competent for the court to have permitted the defendant in error to have dismissed as to them: R. S., chap. 22, sec. 37. It is not contended that the making of these persons defendants affected injuriously the rights of plaintiff in error otherwise than in the matter of costs, which, it is contended, were increased thereby.

It is enough to say, in answer to this, that plaintiff in error should have raised that specific question by her demurrer, and the court could then have decreed in respect of such costs.

The only other error assigned that we feel called upon to notice is, that the findings of the court below are unsupported by the evidence.

The amended record filed in the case by our leave shows, that the cause coming on to be heard on the demurrer of plaintiff in error, to the bill of defendant in error, the demurrer was overruled, and the plaintiff in error was ruled to answer within ten days, and the record shows that she did not make such answer, and so she is to be considered as abiding by her demurrer. And it was ruled by a majority of this court in *Heacock* v. *Hosmer*, 109 Ill. 245, that, when a party admits the truth of a petition under the Burnt Records Act, by demurring to the same, and abides by his demurrer when overruled, he can not afterward object that no evidence is given in support of the allegations of such petition; and that, in such case, the statute does not require the evidence to be set forth.

The other objections urged are all obviated by the amended record.

The decree is affirmed.

*Decree affirmed.*