## George T. Gilliam v. Mary Baldwin.

1.   TRIAL BY JURY—*Right of, in Chancery Cases Under the Constitution.*—The Constitution of 1870 preserves the right of trial by jury in all cases where the right existed before its adoption, but the right to such trial under the former Constitution did not extend to cases in chancery.   It was confined to cases at law.

2.   SAME—*Right of, in Cases in Equity.*— In a suit in equity in which the relief sought falls peculiarly within the jurisdiction of a court of chancery, the court is not compelled to submit any question arising therein to a jury.

3.   CHANCERY PRACTICE—*Appointment of Special Masters.*—Where the regular master in chancery is a party to a suit in chancery it is not only proper, but it is the duty of the court, to appoint a special master.

4.   SAME—*Waiver of the Right to Take Evidence Before the Master.* —Where a party to a proceeding in equity is notified of the time fixed by the master for the taking of the testimony and also notified that he must produce his evidence before a certain date, and voluntarily absents

himself, and neglects to produce any evidence in his own behalf, he can not be heard upon the trial to complain that the master's report contains only the evidence of his adversary.

**Bill for Relief.**—Appeal from the Circuit Court of Peoria County; the Hon. NICHOLAS E. WORTHINGTON, Judge, presiding. Heard in this court at the April term, 1901. Affirmed. Opinion filed July 12, 1901.

G. T. GILLIAM, attorney for appellant.

DAN F. RAUM, attorney for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a bill in chancery filed by appellee in which she charges that appellant, while acting as her agent, sold her a certain note secured by mortgage, for the sum of $1,600, which was payable to his order; that appellant indorsed said note and delivered the same and the mortgage to appellee and that she paid him $1,600 therefor; that on June 27, 1896, said note and mortgage being then overdue, appellee delivered the same back to appellant with directions to commence a suit in foreclosure in her name; that appellant, intending to cheat and defraud appellee, changed the indorsement on said note by marking her name out, and, disregarding her directions, commenced a suit in his own name for the foreclosure of said mortgage; that he obtained a decree payable to himself for the amount due on said note and procured a sale of the premises to satisfy the decree, bought the premises himself, and took a certificate of purchase therefor in his own name for the purpose of cheating and defrauding appellee out of said note and mortgage; that after the sale appellee paid appellant a sum sufficient to pay back taxes upon the place and the court costs, including $100 for a solicitor's fee to appellant; that thereafter he assigned and delivered the certificate of purchase to William F. Bryan, Sr., as collateral security for the sum of money due from appellant to said Bryan; that said certificate is now held by William F. Bryan, Jr., as executor of the will of William F. Bryan, Sr.; that William F. Bryan, Sr., had knowledge at the time he took the certificate of purchase that it belonged to appellee and not to appellant. The

bill makes appellant, William F. Bryan, Jr., and John M. Neihaus, master in chancery, defendants, and prays that appellant and said Bryan be decreed to deliver up and assign to appellee said certificate of purchase and account to her for the rents and profits of said premises, and that Neihaus may be decreed to execute a deed for the premises to appellee, in pursuance of said certificate of purchase. Appellant answered admitting the foreclosure and the taking of the certificate of purchase in his own name, but denying the other material allegations. The other defendants also answered setting out their connection with the matter and asking that their rights be protected. Replication was filed and the cause referred to a special master in chancery to take the evidence and report the same to the court.

Appellant came before the court and entered his motion to set aside the order of reference to the master, on the ground that he had the right of trial by jury, but his motion was denied. The special master gave the parties notice that he would take the evidence in the case on December 19, 1900, but nothing was done on that day as the motion to vacate the order of reference was then pending.

That motion having been disposed of, he gave notice to all the parties of a hearing on December 31, 1900, at which time the taking of testimony was adjourned until January 3, 1901, when the evidence for appellee was taken. Appellant did not appear nor was there any evidence produced on his behalf.

On January 7, 1901, the master notified appellant by mail that the taking of evidence on the part of complainant had been closed, and that if he desired to produce any evidence before him at his office in the court house, he could do so at any time, until Saturday, January 12, 1901, at which time the taking of evidence would be closed. The special master afterward reported the evidence to the court and appellant objected to a hearing upon the ground that the report contained only the " testimony of the plaintiff " and he also stated he was ready to produce evidence in his own behalf, but demanded a trial by jury before the final hearing. The

court, however, overruled the objections to the master's report and refused the trial by jury. Upon the hearing a decree was entered finding the allegations of the bill against appellant were true, but that said William F. Bryan, Sr., took the certificate of purchase as collateral security for the sum of $1,000 without knowledge or notice of any of the rights of appellee thereto, and that the executor had a first lien upon said certificate for said sum of $1,000 and interest; that subject to the lien of said executor appellee was entitled to said certificate of purchase and that appellant was bound in equity to pay off and satisfy said lien upon said certificate. It was therefore decreed by the court that appellant pay to said executor the sum of $1,000 and interest within ten days, and upon the payment of the same that said executor deliver up and transfer to appellee said certificate of purchase; that in case appellant should fail to pay said sum to said executor within said time, appellee might pay the same to said executor, and upon such payment being made said executor should transfer and deliver up said certificate to her; that in such case appellant pay to appellee the sum of $1,000 and interest and that she have execution against him therefor.

Appellant seeks to reverse this decree for two reasons:

1st. Because the court refused to grant him the right of trial by jury. This was a case in which the relief asked fell peculiarly within the jurisdiction of a court of equity and the court was not compelled to submit any question arising in the case to trial by jury. While under section 40 of the act regulating chancery practice in this State, the court might, at its discretion, direct an issue or issues to be tried by the jury had it been thought necessary, yet such action on the part of the court was not compulsory.

In the case of Flaherty v. McCormick, 113 Ill. 538, it was said:

" Under our present Constitution the right of trial by jury is preserved, but that provision has no reference to cases in which courts of equity have jurisdiction. That question was considered in the case of Heacock v. Hosmer, 109 Ill. 245, and we there held that the present Constitution

of the State preserves the right of trial by jury in all cases where that right had existed before its adoption; the right to such trial does not extend to cases in equity but is confined to cases at law."

There is therefore no ground for the contention of appellant that he was entitled to a trial by jury in this case.

2d. Appellant questions the legality of the appointment and acts of the special master. Section 5, chapter 90, Rev. Stat., provides :

" Whenever it shall happen that there is no master in chancery in any county, or when such master shall be of counsel or of kin to either party interested, or otherwise disqualified or unable to act in any suit or matter, the court may appoint a special master to perform the duties of the office in all things concerning such suit or matter.''

Appellant did not except to the report of the master on the ground that he was not legally appointed and qualified and therefore should not be heard to question the appointment or qualification. It is proper to say, however, that in this case the regular master in chancery was a party defendant to the suit and it was not only proper but necessary that the court should appoint a special master, and the statute was made to cover just such cases.

The special master appeared to have proceeded regularly in the taking of the evidence. Appellant, although notified of the times fixed by the special master for taking evidence, and also notified that he must produce his evidence before a certain date, voluntarily absented himself on the occasions named, refused and neglected to produce any evidence in his own behalf, and should not now be heard to complain that the report contained only the evidence of appellee. There was no error in the decree and it is accordingly affirmed.