Salomon v. Estate of George Wincox.

---

### Moses Salomon v. Estate of George Wincox.

1.  PRACTICE—*Petition for a Change of Venue Must be Preserved by a Bill of Exceptions.*—A petition for a change of venue must, to entitle a party to review of the ruling on it, be preserved by bill of exceptions.

2.  SAME—*How Affidavits Become a Part of the Record.*—Affidavits can only become a part of the record by means of a bill of exceptions.

3.  PROBATE COURT—*Not an Inferior Court.*—The Probate Court, although not a court of general, but of limited jurisdiction, is not an inferior court.   It has original and complete jurisdiction in probate matters, and while acting within the sphere of its jurisdiction, as liberal intendments will be indulged in its favor as would be extended to the proceedings of a Circuit Court.

Appeal from Probate.—Error to the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge presiding.   Heard in this court at the March term, 1902.   Affirmed.   Opinion filed November 28, 1902.

Statement.—April 7, 1899, the Probate Court of Cook County made the following order :

"In the matter of the estate }
          of          }
George Wincox, deceased. }

This day comes on for hearing the motion of Bulkley,

Gray & More, attorneys for Anna M. Smith, for an order finding and establishing heirship upon the proof taken heretofore; and comes also Frank A. Whitney, for Moses Salomon, attorney for Jennie Wincox, or Cameron; and the court having examined and inspected the testimony of Anna M. Smith heretofore taken in open court, and the depositions of Sadie Applegren and others, on file herein, and other proofs and evidence herein, finds from such evidence that George Wincox died leaving him surviving no widow, but left him surviving, first, Anna M. Smith, wife of Edward L. Smith, his sister, and second, Sadie Applegren, wife of Oscar E. Applegren, his sister, his only heirs at law and next of kin."

Plaintiff in error was allowed an appeal from said order, and April 27, 1899, filed his appeal bond running to "Jesse Holdom, administrator of the estate of George Wincox, deceased," and Anna M. Smith, obligees. Plaintiff having failed to file in the Circuit Court a transcript of the proceedings in the Probate Court, a transcript of the foregoing order, the order allowing the appeal, and the order approving Salomon's bond, was procured by Holdom, the administrator of the Wincox estate, and filed by him in the Circuit Court April 30, 1901, and May 25, 1901, on motion of Holdom, plaintiff in error was ruled to refund to Holdom the sum of $16.50, which the latter had expended in procuring the transcript and paying the docket fee for docketing the appeal July 13, 1901. The court, on motion of Anna M. Smith, one of the appellees, to dismiss the appeal of Moses Salomon, on the ground that he had no interest in the estate of Wincox, deceased, ordered that said Salomon should, within twenty days, show cause, if any there were, why said appeal should not be dismissed for his want of interest in said estate. The order recites that the motion was supported by proofs. August 2, 1901, Salomon filed a lengthy answer to the rule to show cause. November 2, 1901, the court, on motion of Holdom, appellee, dismissed the appeal, on the ground that Salomon had no interest in the estate of Wincox, deceased.

LEON HORNSTEIN, attorney for plaintiff in error.

BULKLEY, GRAY & MORE, attorneys for defendant in error.

MR. JUSTICE ADAMS delivered the opinion of the court.

The objections of counsel for plaintiff in error are :  1. That the court had no jurisdiction, for the reason that the transcript of the proceedings in the Probate Court was insufficient.  2. That the court erred in denying his petition for a change of venue.  3. That the appeal was erroneously dismissed, on motion of Jesse Holdom, who claims to be administrator, etc.  4. That Salomon had a clear right to prosecute an appeal.

The transcript of the proceedings in the Probate Court was, as we think, sufficient, and counsel has not attempted to point out wherein he claims it was insufficient.  Neither the petition of plaintiff in error for a change of venue nor his answer to the rule to show cause, have been preserved by bill of exceptions, and therefore neither of them can be considered here.

A petition for a change of venue must, to entitle a party to review of the ruling on it, be preserved by bill of exceptions.  Schlump v. Reidersdorf, 28 Ill. 68; Bedee v. The People, 73 Ib. 320; Heacock v. Hosmer, 109 Ib. 245.

So, also, as to the verified answer, which the clerk has copied into the transcript.  This answer can only be regarded as an affidavit, and the rule is well established that affidavits can only become a part of the record by means of a bill of exceptions.  Pardridge v. Morgenthau, 157 Ill. 395.

The objection that the appeal was dismissed on motion of Holdom, and that there is nothing in the record to show that he is administrator, evinces ignorance of the record, which shows that the appeal bond of plaintiff in error runs to " Jesse Holdom, administrator of the estate of George Wincox, deceased."

Lastly, counsel claim that the court erred in dismissing the appeal.  Counsel bases the claim that plaintiff in error had the right to appeal from the order of the Probate Court, on section 124 of chapter 3 of the statutes.  That section applies only to appeals from " judgments, orders or decrees

of the County Court." The provision allowing appeals from final orders of the Probate Court is section 11 of chapter 37 of the Revised Statutes. 1 S. & C.'s Stat. 1896, p. 1197.

The order appealed from does not show that plaintiff in error was a party in the cause in which the order was made, but rather the contrary. The language of the order is: "And comes, also, Frank A. Whitney, for Moses Salomon, attorney for Jennie Wincox, or Cameron." Why Salomon did not appear as attorney for "Jennie Wincox, or Cameron," if he was her attorney, and if she had any interest in the estate of George Wincox, deceased, is not explained by the record; but certainly the appearance of an attorney for the attorney of a third party, does not indicate anything more than that the interest of the attorney so appeared for, was that of an attorney, merely.

The court, in its order ruling plaintiff in error to show cause why the appeal should not be dismissed, on the ground that plaintiff in error had no interest, recites that the motion on which the rule was entered was supported by proofs. These proofs have not been preserved by bill of exceptions, and it must be presumed that they amply warranted the rule. The Probate Court, although not a court of general, but of limited jurisdiction, is not an inferior court. It has original and complete jurisdiction in probate matters, and, while acting within the sphere of its jurisdiction, "as liberal intendments will be indulged in its favor as would be extended to the proceedings of a Circuit Court." Moffitt v. Moffitt, 69 Ill. 641.

Plaintiff in error not having shown cause, as required by the rule, his appeal was properly dismissed. His answer, which, as heretofore said, can only be regarded as an affidavit, not having been preserved by bill of exceptions, can not be considered. We have read the answer, however, and even though it had been properly made a part of the record, the result would have been the same.

On examination of numerous cases cited by appellant's counsel, we find that none of them has any more application to this case than "The Lay of the Last Minstrel." The judgment will be affirmed.