THE MACIERZ POLSKA OF THE UNITED STATES OF NORTH AMERICA, Defendant in Error, *vs.* K. B. CZARNECKI, Plaintiff in Error.

*Opinion filed February 16, 1916.*

1. APPEALS AND ERRORS—*a petition and affidavit for change of venue are not part of record proper.* A petition for a change of venue, and the affidavit in support thereof, are not a part of the record proper·but must be saved by the bill of exceptions or stenographic report of the trial, and unless so preserved neither the question of the correctness of the municipal court's ruling on the petition nor of the constitutionality of the provision of the Municipal Court act as to changes of venue is saved for review.

2. SAME—*when an assignment of error questioning validity of statute is waived.* An assignment of error questioning the validity of the provision of the Municipal Court act relating to· the filing of a statement of claim instead of a declaration as at common law is waived in the Supreme Court, where the question is not referred to in the brief and argument of the plaintiff in error.

WRIT OF ERROR to the Municipal Court of Chicago; the·Hon. EDWARD A. DICKER, Judge, presiding.

JOHN M. HESS, and HENRY J. GIBBS, for plaintiff in error.

N. L. PIOTROWSKI, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

Defendant in error recovered judgment against plaintiff in error in a fourth-class case brought as an action in tort in the municipal court in the city of Chicago November 20, 1909, for $402.50 and costs. This writ of error was thereafter sued out from this court, returnable to the February term, 1910. Transcript of the record not having been filed in court at the February term, 1911, the cause was stricken from the docket. Thereafter, June 10, 1915, plaintiff in error procured and filed a transcript of the record in this court, and on October 4, 1915, upon his motion the cause was re-instated and re-docketed in this court and the same submitted for a hearing. The cause is brought directly to this court on the ground that the constitutionality of the provisions of the Municipal Court act as to changes of·venue is involved.

A motion for change of venue from all the judges of the municipal court was made and was heard before Judge Olson, chief justice of that court, on October 19, 1909, and denied. What is called in the document itself a "bill of exceptions" stating this fact was signed by Judge Olson as of January 19, 1910. After the motion for change of venue from all the judges of the municipal court had been denied a trial was had before Judge Edward A. Dicker of the municipal court, and a stenographic report was prepared and was signed by Judge Dicker setting out the proceedings before him. The constitutionality of the change of venue statute cannot be raised in this court, as the document

signed by Judge Olson does not properly preserve this question so that we can decide whether a change of venue was rightly denied or whether the change of venue provision of the Municipal Court act was constitutional. The petition and affidavit for change of venue were not incorporated in the document signed by Judge Olson, but a mere recitation of the fact that such a petition was filed and passed on by him. This court has held that petitions and motions for change of venue, and affidavits in support of the same, can only be made a part of the record by being incorporated into the bill of exceptions, and unless so preserved they cannot be considered by the reviewing court even though the clerk of the trial court may have copied them into his transcript of the common law record. (*Schlump* v. *Reidersdorf,* 28 Ill. 68; *Bedee* v. *People,* 73 id. 320; *People* v. *Ellsworth,* 261 id. 275.) Under the reasoning in those cases we could not consider the question as to whether this statute was constitutional unless we had before us a properly verified petition for change of venue. If plaintiff in error did not file a proper petition, correctly verified, he would not be entitled to have the constitutionality of the question considered by the lower court or by this court. The petition and affidavit for change of venue not being preserved in this record as required by law, the correctness of the ruling of the trial court denying such petition cannot be passed upon by this court. The constitutionality of the change of venue provision of said act, therefore, cannot be considered by this court on this record.

By his twenty-fourth assignment of error plaintiff in error questions the constitutionality of the provision of the Municipal Court act permitting the filing of a statement of claim or the filing of a tort claim in place of the ordinary common law declaration. The question raised by this assignment of error is not referred to in the brief and argument of plaintiff in error, and it is therefore waived and need not be considered. *Sullivan* v. *Atchison, Topeka and*

*Santa Fe Railway Co.* 262 Ill. 317; *Wetmore* v. *Henry,* 259 id. 80.

No other constitutional question, or any other question that would give this court jurisdiction on direct appeal, was raised by the assignments of error argued in the briefs. This record therefore presents no question for decision which gives this court jurisdiction.

The cause will be transferred to the Appellate Court for the First District.                        *Cause transferred.*