## The People of the State of Illinois, Defendant in Error, v. John Pokora, Plaintiff in Error.

1. CRIMINAL LAW, § 471*—*when court may decline to review points because of irregularity of record.* On error by one convicted of violating the liquor law, *held* that the court might on account of the irregularity of the record, very appropriately decline to consider any of the points relied on for reversal.

2. CRIMINAL LAW, § 530*—*when refusal to quash venire is not error.* A contention that it was error in a criminal prosecution for the trial court to refuse to quash the venire on the ground that the jurors were not chosen in accordance with law cannot be sustained when it is not shown that defendant received any injury nor that any of his rights were prejudiced on account of the alleged irregularity.

3. CRIMINAL LAW, § 449*—*when error in refusal to quash venire is not available in Appellate Court.* Error, in a criminal prosecution, in the refusal of the trial court to quash the venire on the ground

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

that the jurors were not chosen in accordance with law cannot be availed of by defendant when the evidence introduced in support of the challenge to the array and the motion to quash the venire are not preserved by any bill of exceptions which is shown by the record to have been filed in the cause.

4. INDICTMENT AND INFORMATION, § 17*—*when verification of information is sufficient.* It will not be error to overrule a motion to quash the information in a criminal prosecution on the ground that each count was not separately verified when there was a proper verification at the end of the information which applied to all of the counts therein.

5. CRIMINAL LAW, § 447*—*necessity that rulings in matter of change of venire be made part of record by bill of exceptions.* The rulings of a court upon petitions and motions for change of venue can be reviewed only when they are made a part of the record by a bill of exceptions.

6. CRIMINAL LAW, § 60*—*what is time for application for change of venue for prejudice on part of judge.* An application by the defendant in a criminal prosecution for a change of venue on the ground of prejudice on the part of the judge must be made at the earliest moment possible after the knowledge of the fact of the prejudice becomes known.

7. CRIMINAL LAW, § 61*—*when petition for change of venue for prejudice on part of judge is fatally defective.* A petition by the defendant in a criminal prosecution for a change of venue on the ground of prejudice on the part of the judge is fatally defective when it does not state when knowledge of the prejudice first came to the defendant.

8. CRIMINAL LAW, § 55*—*when motion for change of venue for prejudice on part of judge is properly overruled.* Overruling of the motion of the defendant in a criminal prosecution for a change of venue *held* on the ground of prejudice on the part of the judge, under the circumstances, not error.

9. COURTS, § 141*—*fact that Appellate Court considers questions, notwithstanding defective record, is not to be taken as establishing precedent.* The fact that the Appellate Court passes upon questions raised in the brief and argument by counsel for plaintiff in error, convicted of crime, notwithstanding the defective condition of the record, is not to be taken as establishing a precedent that the court will review errors assigned on alleged records of like character in the future.

10. APPEAL AND ERROR—*what proper preparation of record involves.* The proper preparation of a record involves not a question of technicality but the question of the integrity of the record itself.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Error to the County Court of Sangamon county; the Hon. JOHN
B. WEAVER, Judge, presiding.   Heard in this court at the April
term, 1919.   Affirmed.   Opinion filed October 21, 1919.

JOHN G. FRIEDMEYER, for plaintiff in error.

C. F. MORTIMER, for defendant in error; EDWARD
PREE and JAMES WELDON, of counsel.

MR. JUSTICE ELDREDGE delivered the opinion of the
court.

Plaintiff in error was convicted in the County Court
of Sangamon county upon three counts of an amended
information filed by the State's Attorney of said
county, charging in substance that on the 11th day of
March, 1918, in the county of Sangamon and the State
of Illinois, plaintiff in error not then and there having
a license to keep a dramshop, intoxicating liquor in a
less quantity than five gallons, then and there unlaw-
fully and wilfully did sell in the township of Wood-
side, the said township of Woodside being outside of
the limits of an incorporated city, village or town in
said county and State.   He was sentenced to pay a
fine of $100 on each of the three counts and also to be
confined in the county jail for a period of 90 days on
each of the counts, each of said 90 days to run con-
secutively.

Rule 23 of this court provides in part as follows:
"The brief of appellant or plaintiff in error shall
contain a short and clear statement of the case, in-
cluding, * * *; and fifth, the errors relied upon for
a reversal."   Plaintiff in error in his brief and argu-
ment after a statement of the case sets out: "Points
Relied on. 1st.   The jury which tried this cause was
an unlawful jury and not summoned in accordance
with the statute. 2nd.   That the person selecting the
thirty-six men and additional jurors so as to make the
panel forty, was not authorized by law to summon

jurors. 3rd. The motion to quash the venire and return and the challenge to the array, was properly supported by proof and should have been allowed. 4th. The alleged information against the defendant should have been quashed. 5th. The petition for change of venue from the judge, was in accordance with the provisions of the statute and it was imperative on the court to allow the change of venue. 6th. The Court had no jurisdiction to hear said cause and enter any judgment or sentence therein." No point is made in the foregoing that the evidence was not sufficient to prove that the plaintiff in error was guilty of the offense charged beyond reasonable doubt.

We might very appropriately decline to consider any of the points relied upon for reversal on account of the irregularity of the record. The court record proper does not show that any bill of exceptions was ever in fact filed with the clerk. It is impossible to tell accurately where the court record proper ends and the bill of exceptions commences. There is no statement or certification of any kind to indicate that the alleged record contains all the evidence introduced either in support of the several motions that were made or on the trial of the case upon the merits. On page 174 of the alleged record commences what purports to be a bill of exceptions. There is no court record to indicate that it ever was in fact filed in the cause, and it contains only the evidence and proceedings heard and had upon the trial of the case upon the merits.

The first three points relied upon all involve the same question and are based upon the refusal of the court to quash the venire on the ground that the jurors were not chosen in accordance with law. This contention cannot be sustained for two reasons: First. It is not shown that plaintiff in error received any injury or that any of his rights were prejudiced on account of the alleged irregularity in the summoning of

the jury. *Siebert v. People,* 143 Ill. 571. Second. The evidence introduced in support of the challenge to the array and the motion to quash the venire has not been preserved by any bill of exceptions which is shown by the record to have been filed in the cause.

It is next urged that the court erred in overruling the motion to quash the amended information on the ground that each count was not separately verified. There was a proper verification at the end of the amended information which applied to all counts therein and this was sufficient.

The fifth and sixth points relied upon for a reversal are the same in fact and present for consideration the action of the court in overruling the motion made for change of venue. We have been unable to find anything which purports to be a bill of exceptions preserving this motion and making it a part of the record. The rulings of a court upon petitions and motions for change of venue can only be reviewed when they are made a part of the record by a bill of exceptions. *Schlump v. Reidersdorf,* 28 Ill. 68; *Bedee v. People,* 73 Ill. 320; *Heacock v. Hosmer,* 109 Ill. 245; *Macierz Polska of U. S. of N. A. v. Czarnecki,* 272 Ill. 34. However, as this question has been argued very forcibly by both parties, we will consider it in the light of what are concededly the facts. Among other proofs in the record is a notice signed by the attorney for plaintiff in error bearing date July 1, 1918, and addressed to the State's Attorney notifying the latter that on July 6, 1918, the former would present a petition for a change of venue from the judge of the County Court of Sangamon county in a large number of cases including the case at bar. There is nothing whatever in the record to show that this notice was ever served upon the State's Attorney. On the 3rd day of June this case was set for trial by the County Court for July 1. On June 24, plaintiff in error, by his counsel, made a motion for a continuance of the trial of the case until the

August term. This motion was overruled. Counsel
for plaintiff in error then made a motion to continue
said case for one week from July 1, which was granted
by the court and the cause continued for one week. On
July 8, when the case was called for trial, plaintiff in
error, by his counsel, made a motion to quash the
special venire, which was overruled and thereupon a
challenge to the array was made by plaintiff in error,
which was overruled, and also on the same day a mo-
tion to quash the amended information was made,
which was denied. On July 19, defendant made a
motion and filed a petition for change of venue from
the judge of the County Court. Two different peti-
tions appear in this alleged record. One appears to
have been sworn to by plaintiff in error July 5, 1918,
and the other to have been sworn to on July 3, 1918.
The first petition above mentioned has attached to it
two separate affidavits executed, respectively, by C. D.
Canhan and Ed. French as reputable persons. These
affidavits were sworn to by those affiants on July 19.
The latter petition had attached to it supporting affi-
davits executed July 3 by Frank M. Scherzinger and
George J. Gaa, respectively, as reputable persons.
Which one of these petitions and motions was acted
upon, we have no means of knowing. The petitions
are different in verbiage and are supported by affi-
davits of different persons. It is also elementary that
an application for a change of venue must be made
at the earliest moment possible after the knowledge of
the fact of the prejudice of the judge becomes known.
It is apparent that this knowledge, if it had any foun-
dation, was known to plaintiff in error at or prior to
July 1, the date on the notice signed by his counsel
heretofore mentioned. After this date two motions
for a continuance, a motion to quash the information,
a motion to quash the venire and a challenge to the
array were made before the judge from whom the
change of venue was subsequently sought. It was not

until July 19 when the case was actually called for trial that the defendant in error made his motion and presented his petitions for a change of venue to the trial judge. The petitions themselves were executed by plaintiff in error on July 3 and 5, respectively. They were withheld by counsel until all the preliminary motions before the judge were made and passed upon and until the case was actually called for trial. In fact, in one place in the alleged record before us appears the following: "Be it remembered that thereupon the jury was empaneled in said cause by the court over the objection of the defendant, and counsel for prosecution and for the defendant, asked the following interrogatories of each of the following jurors:—Objection overruled and deft. excepts. Mr. Friedmeyer:—Now, at this time I desire to enter a petition for a change of venue in this case. The Court:—The petition will be denied; To which ruling of the Court the defendant by his counsel then and there duly excepted." (Rec. p. 111.)

This would indicate that the motion for a change of venue was not made until after the jurors had been examined and passed upon. Neither one of the petitions for the change of venue states when knowledge of the prejudice of the judge first came to plaintiff in error, and are fatally defective for that reason. The informations were filed at the February term of the County Court. The trial was held at the June term of said Court. Section 6 of the Venue Act (J. & A. ¶ 11492) provides that no application for a change of venue after the first term shall be allowed, unless the party applying shall have given to the opposite party 10 days' previous notice of his intention to make such application, except where the causes have arisen or come to the knowledge of the applicant within less than 10 days before the making of the application. There are no allegations in either of the petitions sufficient to bring them within the conditions mentioned

in this section. There is no proof that any notice whatever was ever served upon the State's Attorney. All the proof there is on the subject shows that the alleged prejudice of the judge was known to plaintiff in error much longer than 10 days before he presented his petitions for a change of venue.

The fact that we have passed upon questions raised in the brief and argument by counsel for plaintiff in error, notwithstanding the defective condition of this record, will not be taken hereafter as establishing a precedent that this court will review errors assigned on alleged records of like character in the future. The rules for preparing a court record and bill of exceptions are few and simple. They are established as well for the protection of litigants as for the convenience of the reviewing court. A properly prepared and authenticated record eliminates the possibility of mistakes and fraud therein, and unless a record including the bill of exceptions is thus properly prepared and authenticated, a reviewing court has no assurance that it has before it a record of the real proceeding. The proper preparation of a record involves not a question of technicality, but the question of the integrity of the record itself.

The judgment of the County Court is affirmed.

*Affirmed.*