DETERMINED IN THE

## THIRD DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1919.

---

### William F. Sorrells, Appellee, v. Springfield Consolidated Railroad Company, Appellant.

1. MASTER AND SERVANT, § 716*—*when questions of instructions to motorman and his violation thereof are for jury.* In an action by an employee to recover for personal injuries received through a collision while acting as motorman of defendant's street car, where the evidence is conflicting as to what instructions plaintiff received regarding the operation of his car and whether he violated those instructions, such questions are for the jury.

2. MASTER AND SERVANT, § 716*—*when question of master's negligence is for jury.* In an action by an employee to recover for personal injuries received through the collision of the car of which he was motorman with another car of defendant, on a foggy morning, it is for the jury to determine whether defendant was negligent in the operation of such car in not holding it at an intermediate station but running it to the end of the line and returning without stopping at such station, knowing plaintiff's car to be somewhere ahead of it in the fog and that he expected such other car to wait at the station.

3. APPEAL AND ERROR, § 800*—*when Appellate Court will not pass on ruling on motion for change of venue.* The Appellate Court will not pass upon the propriety of the trial court's ruling upon a motion for a change of venue unless the motion, the evidence heard thereon and the trial court's decision have been preserved in the record by a bill of exceptions.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

(1)

4. APPEAL AND ERROR, § 1094*—*necessity that brief give page of abstract where erroneous evidence appears.* Where errors are urged in regard to the admission of evidence, the page of the abstract where the error appears must be referred to in the brief.

Appeal from the Circuit Court of Sangamon county; the Hon. E. S. SMITH, Judge, presiding. Heard in this court at the April term, 1919. Affirmed. Opinion filed October 21, 1919.

A. M. FITZGERALD and P. B. WARREN, for appellant.

W. ST. J. WINES, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

Appellee recovered a judgment against appellant in the Circuit Court of Sangamon county in an action on the case for personal injuries for the sum of $2,500, to reverse which this appeal is prosecuted.

Appellant, at the time of the injuries complained of, operated a system of street cars in the City of Springfield which included what was commonly known as the "Smelter line" which consisted of a single line of track running north from Sangamon avenue for a distance of over 2 miles. This line was used largely by miners who worked in several different mines located along its route. Prior to January, 1917, appellant operated what is commonly called in the testimony a "big" car, which made the round trip from Sangamon avenue to the north end of the line and back every 30 minutes. It was found, however, that during the early hours in the morning when the miners were going to work and the late hours in the afternoon when they were returning therefrom, this car was not sufficient to accommodate the number who were required to be transported. Appellant thereupon placed in operation during those hours another

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

car commonly called the "little" car which, the evidence introduced for appellant tends to show, was to be a trailer to the big car, that is, a car which would follow immediately behind the big car. Appellee was the motorman of the little car. One of the stops made by these cars was at the Devereaux mine. South of the Devereaux was another stopping place known as the Smelter or Shanty stop. At the north end of the line were the Powder Works. The little car was put in operation with appellee as motorman on January 4, 1917, and continued to operate until January 29, when the accident happened. On the morning of this day, the big car left Sangamon avenue at about 7:00 a. m., and the little car started on its trip about 7:07 a. m. It appears that a train of the Chicago & Alton Railroad Company arrived each morning a few minutes after 7 o'clock at Sangamon avenue and frequently carried a number of persons working in the mines mentioned who transferred to the cars operated by appellant to be taken thereon to the different mines where they worked. This train is called by the witnesses the "Peabody" train, and its arrival at Sangamon avenue varied on different mornings from 3 to 9 minutes after 7 o'clock. Appellee, as motorman of the little car, instead of immediately following the big car on the morning in question, waited until the arrival of the Peabody train at about 7:07 o'clock. The morning was very foggy and objects could be seen in front of the car for a distance of not over 30 feet. The little car started about 7 1-2 minutes after 7 and made its first stop at the Smelter or Shanty stop and was proceeding very slowly through the fog towards the second stop which would be at the Devereaux mine. The big car had gone to the end of the line and was returning and on account of the fog the two cars collided, in consequence of which appellee received the injuries complained of.

4    APPELLATE COURTS OF ILLINOIS.

Sorrells v. Springfield Consolidated R. Co., 216 Ill. App. 1.

Appellant had declined to be bound by the provisions of the Workman's Compensation Act, and its contention in this court is that it was guilty of no negligence and that the proximate cause of the accident was the negligence of appellee in failing to operate the little car in accordance with his orders. Proofs introduced by appellant tend to show that it was the duty of appellee to immediately follow the big car on these trips keeping behind it a distance of not over 2 blocks and that appellee was never instructed to wait for the arrival of the Peabody train before starting on his trips, and it is urged that if appellee had immediately started the little car after the departure of the big car, the accident would not have happened. The proofs for appellee tend to show that, before he was assigned as motorman of the little car, he was directed by the officers of the company to take a trip over the line and arrange with the motorman of the big car the best way to operate the cars and that they had arranged that the big car should leave at 7 o'clock a. m. and the little car immediately after the arrival of the Peabody train, and when the big car arrived at the Devereaux mine, it would wait until the arrival of the little car so that such passengers as might be on the little car who desired to go to the north end of the line could be transferred to the big car, which would then proceed to the north end of the line while the little car would return from the Devereaux mine to Sangamon avenue, and that on the morning in question the big car did not wait at the Devereaux mine for the little car, but proceeded to the north end of the line and on its return trip did not stop at all at the Devereaux mine, but proceeded straight through until it collided with the little car. There is a conflict of evidence as to what the instructions were as to the operation of appellee's car, but the fact that the cars had been operated during the entire time that

the little car had been used, in accordance with the method testified to by appellee, strongly corroborates his contention in the matter. However, what the instructions to appellee were in regard to the operation of the little car and whether he violated those instructions were questions of fact to be determined by the jury, and two juries have determined them in favor of appellee. Whether appellant was negligent in the operation of the big car by not waiting at the Devereaux mine until the little car had reached there, and by proceeding to the north end of the line and returning without stopping, knowing that the little car was ahead of it somewhere in the fog and knowing that the motorman of the little car had a right to expect the big car to wait for it at the Devereaux station, was also a question of fact which has been determined adversely to appellant.

A motion for a change of venue from the county of Sangamon was made by appellant in the court below and was overruled. The motion was supported by several affidavits and a large number of counteraffidavits were filed by appellee. Neither the motion, the affidavits nor the decision of the court thereon had been preserved in the record by a bill of exceptions. A court of appeal cannot pass upon the propriety of a court's ruling upon a motion of this kind unless the motion together with the evidence heard thereon and the decision of the court have been preserved in the record by a bill of exceptions. *Heacock v. Hosmer,* 109 Ill. 245; *People v. Ellsworth,* 261 Ill. 275.

It is urged that the court erroneously permitted the declaration to go to the jury. We are not referred to any page in the abstract of record where this alleged error occurs. The abstract consists of one hundred pages and there is nothing in the index thereto which would guide us in our search. We have repeatedly held, but where errors are urged in regard

to the admission of evidence, the page of the abstract where the error appears must be referred to in the brief so that this court can examine the same. We do not consider the damages to be excessive for the injuries sustained. No other errors are presented for review and the judgment is affirmed.

*Affirmed.*