## The People of the State of Illinois, Defendant in Error, v. Otto Simpson, Plaintiff in Error.*

1. INTOXICATING LIQUORS—*sufficiency of information for illegal possession and transportation.* An averment in an information that defendant unlawfully possessed and transported intoxicants in violation of the Prohibition Act is sufficient without negative averments covering exceptions in the act.

* Received from clerk of Appellate Court, August 8, 1927.

2. APPEAL AND ERROR—*how petition for change of venue made part of record.* A petition for change of venue and supporting affidavits can only be made part of the record by inclusion in a bill of exceptions.

3. APPEAL AND ERROR—*effect of failure to include change of venue petition in bill of exceptions.* Unless change of venue petitions and supporting affidavits are made part of the record by inclusion in a bill of exceptions, rulings thereon will not be considered by a court of review.

4. APPEAL AND ERROR—*when bill of exceptions must be taken.* A bill of exceptions must be taken at the term when the rulings are made or within such time as the court may at that term grant for the purpose.

5. INSTRUCTIONS—*when one given justifies refusing another.* An instruction covered by one already given is properly refused.

6. INSTRUCTIONS—*not supported by evidence.* An instruction having no evidence as a basis is properly refused.

7. INSTRUCTIONS—*apt to cause jury disagreement.* An instruction highly calculated to cause disagreement of the jury is properly refused.

8. CONSTITUTIONAL LAW—*excessive punishment.* The Appellate Court has no authority to interfere with a punishment fixed by the trial court within the limits prescribed by statute.

Error by defendant to the County Court of Saline county; the Hon. A. G. ABNEY, Judge, presiding. Heard in this court at the October term, 1923. Affirmed. Opinion filed March 10, 1924.

LIGHTFOOT & GUSTIN, for plaintiff in error.

CHARLES H. THOMPSON, for defendant in error.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Plaintiff in error was tried and convicted under an information in which it was charged in the first count that at and within the county of Saline, on March 3, 1923, he "unlawfully did then and there possess intoxicating liquor in violation of the Illinois Prohibition Act, contrary to the Statute in such case made and provided," etc. In the second count it was charged that on March 3, 1923, he "unlawfully did then and there transport upon the highway intoxicating liquor contrary to the Statute," etc. It is contended that the information does not charge a criminal offense; that

inasmuch as the possession and transportation of intoxicating liquor may be lawful it was incumbent on the prosecutor to aver in his information such a state of facts as would negative a lawful possession on the part of the plaintiff in error. That it is not sufficient to aver that he unlawfully possessed and transported the liquor in violation of the act. In several cases decided at the present term of this court we have held that such an information meets the requirements of section 39 of the Prohibition Act, Cahill's St. ch. 43, ¶ 40.

It is argued that the court erred in overruling a petition for change of venue at the February term of the trial court. The petition for a change of venue, and the affidavits in support thereof, are not a part of the record, and can only be made so by a bill of exceptions, and unless thus preserved they cannot be considered by this court, although the clerk may have copied them into the transcript. *Bedee v. People,* 73 Ill. 320; *People v. Ellsworth,* 261 Ill. 275. A bill of exceptions must be taken at the term when the rulings are made, or within such time as the court may at that term grant for the purpose. *Finch & Co. v. Zenith Furnace Co.,* 245 Ill. 586. In the case at bar no bill of exceptions was taken at the February term nor was the court requested to fix a time for presentation of a bill. We are not permitted to review the ruling of the court on the petition.

It is argued that the court erred in refusing to grant a continuance, but from an examination of the affidavits filed in support thereof it is apparent that they were wholly insufficient. The court did not err in giving the People's third instruction. *People v. Murray,* 307 Ill. 343–347. The first refused instruction was fully covered by the tenth, given on behalf of plaintiff in error. His third refused instruction was properly refused because there was no evidence on which to base it. The fourth refused instruction was highly

calculated to cause a disagreement of the jury and was properly refused.

It is contended that plaintiff in error was not proven guilty beyond all reasonable doubt. Perhaps that would be true if there was no evidence other than that disclosed by his abstract, but from the additional abstract it appears there was ample evidence to support the verdict. It is finally argued that the punishment is excessive. The court did not inflict a greater punishment than is fixed by the statute. Whatever we may think about that matter we are of the opinion that we have no authority to interfere for the reasons stated in our opinion in the case of *People v. Smith, ante,* p. 119, filed at the present term of this court.

As no reversible error has been pointed out the judgment is affirmed.

*Affirmed.*