## William McElwee *et al.*

### v.

## The People of the State of Illinois.

1. RECOGNIZANCE—*may be supplied when lost, etc.*  As the court has power to permit any part of the record or files to be supplied in case of loss or destruction, a recognizance may be supplied on proof of the loss of the original, and, when so supplied, a forfeiture may be taken of the same.

2.  BILL OF EXCEPTIONS—*must preserve the evidence of notice and proofs on motion to restore lost record.*  Where no bill of exceptions is taken in a proceeding by motion to supply a lost record or part of the files, it will be presumed that notice of the motion was given and proved, and that the court heard evidence sufficient to sustain its action.

3.  Same—*motion for change of venue.*  A motion for a change of venue does not become a part of the record unless made so by a bill of excep_tions.

Writ of Error to the Circuit Court of Jasper county; the Hon. James C. Allen, Judge, presiding.

This was a *scire facias* upon a forfeited recognizance, against William McElwee and Fuller Nigh.

The record shows the following order:

" And afterwards, to-wit: at the May term, A. D. 1874, of the circuit court, began and held in the court house, in Newton, in said Jasper county, and State aforesaid, the said people being represented by the State's Attorney, and the matter of the recognizance of the before named Frank McElwee, for the appearance, on the first day of said term of court, of the said Frank McElwee, to abide the proceedings and order of the court, as conditioned in the aforesaid recognizance, touching a charge of criminal offense, to-wit: burglary and larceny, coming on to be heard, and it appearing to the court, from the affidavit of the clerk of the said circuit court of Jasper county, on file, that the said recognizance of the said defendant, Frank McElwee, had disappeared from the files in his said office, and that the same had been stolen, abstracted, mislaid or lost, so that, after diligent search, the same could not be found: it is, thereupon, on motion of the State's Attorney, ordered by the court that the said plaintiffs be allowed to supply the said recognizance, by filing herein a copy thereof; whereupon come the people, by the State's Attorney, and file in this court, in this cause, a copy of the said recognizance of the said defendant, Frank McElwee, so shown to the court to have been stolen, mislaid, abstracted or lost as aforesaid, duly certified by said justices, T. C. Melton and I. M. Shup, to be a true copy of the original recognizance of the said defendant, Frank McElwee, heretofore taken herein and approved by them, which is duly filed by the clerk of this court, and thereby became and still is a matter of record herein; and the said

Frank McElwee being three times solemnly called, came not, as by his said recognizance he was bound to do, but herein made default; and the aforesaid securities, William McElwee and Fuller Nigh, being each three times solemnly called to deliver the body of the said Frank McElwee, failed therein, and made default; whereupon it was ordered by the said court, at the said term thereof, that judgment of forfeiture be taken of their said recognizance, and that *scire facias* issue against the said Frank McElwee, William McElwee and Fuller Nigh, said recognizance being in full force and unsatisfied."

There was no service of the *scire facias* on Frank McElwee. The other defendants filed a plea of *nul tiel record*, to which the people replied. A trial was had, resulting in a judgment against William McElwee and Fuller Nigh for execution, from which they prosecute this writ of error.

Mr. S. S. WHITEHEAD, for the plaintiffs in error.

Mr. JAMES K. EDSALL, Attorney General, for the People.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

The recognizance upon which the *scire facias* in this case was sued out, had been abstracted or lost from the files. On leave given by the court, for that purpose, it was supplied.

The fact the recognizance was temporarily off the files, did not, as insisted, deprive the court of jurisdiction. The power of the court to permit any part of the record or files to be supplied, in case of loss or destruction, is not contested, but it is claimed no notice was given, and that the evidence of the contents of the lost recognizance was not sufficient to sustain the action of the court.

No bill of exceptions was taken, and hence we can not know what evidence was heard, or whether notice was given to defendants before any proceedings were had. It does not appear but evidence was heard and notice was given.

A trial was had upon a plea of *nul tiel record,* and every presumption will be indulged to sustain the action of the court. Its action will be presumed to be regular, and warranted by the evidence, until the contrary is made to appear. This can only be done by a bill of exceptions taken at the trial, in accordance with the practice in this court.

The point, the court erred in overruling the motion for a change of venue, can not be maintained. Such motions. as this court has repeatedly decided, do not become a part of the record unless made so by a bill of exceptions, which has not been done in this case.

No error has been suggested that can be considered. for want of a bill of exceptions containing the evidence upon which the court based its action, and the judgment must be affirmed.

*Judgment affirmed.*