## JAMES R. LONG
### v.
## THE PEOPLE.

*Assault—Deadly Weapon—Affidavit for Continuance—Absence of Witness—Supplying Copy of Information—Criminal Law.*

1. In a proceeding by information for assault, the court below properly overruled a motion for a continuance, the affidavit therefor being clearly insufficient.

2. The state's attorney may properly supply a copy of the information when the original has been lost from the files.

[Opinion filed February 4, 1890.]

APPEAL from the County Court of Jasper County; the Hon. JOSEPH B. CROWLEY, Judge, presiding.

Messrs. GIBSON & JOHNSON, for appellant.

Mr. CHARLES A. DAVIDSON, for appellees.

PHILLIPS, J. An information was filed in the County Court of Jasper County, charging the appellant with assault with a deadly weapon, with intent to inflict bodily injury, no considerable provocation appearing. The first error assigned is that the court erred in refusing to grant a continuance on motion of appellant. That motion was supported by an affidavit, charging the absence of Albert Hutson, a witness. The affidavit states: "That defendants expect to prove by Hutson that prosecuting witness, Chezem, had threatened to kill defendant, Long, which threats had been communicated to Long prior to alleged assault on Chezem." The affidavit did not state that the facts expected to be proved by Hutson are true, or that Hutson actually heard such threats or communicated such threats. Under the rule laid down by the Supreme Court of this State in Wilhelm v. The People, 72 Ill. 468, the affidavit was clearly insufficient to authorize a continuance by

reason of the absence of Hutson. The affidavit further states that James W. Gibson, senior counsel for defendant, with whom he had always consulted, was absent on professional business in another county, and that Johnson, the partner of Gibson, was sick, and that Gibson "was more thoroughly posted in regard to it (the case) than any other attorney was, or would be on short notice." That part of the affidavit did not state a sufficient cause for continuance, but was addressed to the discretion of the court. It was not error to overrule the motion for continuance.

The original information having been lost from the files, on motion of the state's attorney leave was given to file a copy, and substitute such copy for the original information in the record of the cause, and thereupon the defendant by his attorney "moved the court to quash said substituted information, for the reason the same was not supported by a proper and sufficient affidavit," which motion was overruled.

The information is in proper form, signed by the state's attorney, and no affidavit was necessary. Gallager et al. v. The People, 120 Ill. 179; Obermark v. The People, 24 Ill. App. 259.

Thereupon the defendants moved the court to strike said substituted information from the files, for the reason the court possessed no power to place defendant on trial upon a copy of an information, which motion was overruled and defendant excepted. The fact that the original information was off the files did not deprive the court of jurisdiction. The court has power to permit any part of the record or files to be supplied in case of loss or destruction. McElwee et al. v. The People, 77 Ill. 493; Mount v. The State, 14 Ohio, 295. The third, fifth and sixth assignments of error, are the overruling the motion to quash, and the motion to strike from files, and placing the defendant on trial on copy of information. It was not error to overrule those motions and place the defendant on trial.

The second and fourth assignments of errors are in allowing the motion of the state's attorney for leave to file a copy of the original—"without any proper proofs to show that such alleged copy was, in fact, a true copy."

The order of the court, made on the motion for leave to file copy, is as follows : " And .thereupon the said People of the State of Illinois, by C. A. Davidson, State's Attorney, in and for the said county of Jasper and State aforesaid, moved the court for leave to supply a copy of the information lodged against the said defendants, the original information by the said state's attorney then and there being alleged to have been lost, which motion was by the court allowed, and leave given to the said People to file a copy, and substitute such copy for original in the record of this cause."

It is not necessary to preserve, in the judgment of the court granting leave to file copy, the evidence on which leave was granted.

The bill of exceptions does not show what evidence was heard by the court on that application, nor does it appear that no evidence was heard.

The second and fourth assignments of error, therefore, can not be sustained.

The seventh assignment of error is in overruling the motion in arrest of judgment. The motion is not incorporated in the bill of exceptions, except as it appears in the judgment of the court; and as the defendant could be placed on trial on an information in the County Court, and if information was lost it is proper to supply the record, and no affidavit being necessary, there was no error in overruling the motion in arrest of judgment.

Other questions are discussed which are not raised by the assignments of error. We find no error in the case and the judgment is affirmed.                    *Judgment affirmed.*