Krekel Wilbanks, et al., v. Joseph H. Crosno and Arthur Evans, Executors, etc.

1. PETITION FOR CHANGE OF VENUE—*when, not part of record.* A petition for a change of venue and an affidavit in support thereof are not parts of the record unless preserved by the bill of exceptions or certificate of evidence.

2. EXECUTORS—*when, liable for loss sustained by estate.* Where personal property of an estate is sold at private sale pursuant to order of court and is purchased by a person with a 'fund in which one of the executors has a half interest, the entire loss sustained by the estate by reason of the sale of such property at the price at which it was sold, should be charged to the executors.

3. EXECUTORS' SALE—*effect of approval of.* Where an executors' sale of personal property, through a breach of trust by one of the executors, results in a loss to the estate, the liability of such executors for such loss is not discharged by the mere fact that such sale was reported to the court and by it approved.

4. ACCOUNT—*executors' liability to.* Where evidence has been introduced tending to show that certain moneys have come into the possession of executors, it is their duty satisfactorily to account for such moneys.

Contest over final report of executors. Error to the Circuit Court of Jefferson County; the Hon. EDMUND D. YOUNGBLOOD, Judge, presiding. Heard in this court at the August term, 1903. Reversed and remanded. Opinion filed March 10, 1904.

WILLIAM H. GREEN, for plaintiffs in error.

ROBERT M. FARTHING and EUGENE M. PEAVLER, for defendants in error.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Robert L. Wilbanks died testate, May 6, 1892. By his last will and testament he appointed George W. Evans and Joseph H. Crosno executors and also devised all his personal and real estate to such executors, in trust for certain purposes therein named. The executors made partial reports in 1893 and 1895. On September 14, 1900, said George W. Evans died intestate and his son Arthur Evans was appointed and qualified as administrator of his estate. In December, 1900, Joseph H. Crosno, as surviving executor, and Arthur Evans, as administrator, as aforesaid, filed their final report in the estate of Robert L. Wilbanks, deceased, and shortly afterwards, by leave of court, filed an amended final report showing a balance for distribution of $754.93. To these reports plaintiffs in error, Krekel Wilbanks and John Wilbanks, who were devisees and legatees under the will, filed exceptions which the County Court, upon a hearing, overruled.

Upon appeal the Circuit Court required the executors to account for one-half of the profits alleged to have been derived by said George W. Evans from the sale of certain building and loan stock, and approved the reports in other respects.

The first complaint made by plaintiffs in error, is that the Circuit Court erred in denying their petition for a change of venue. An examination of the bill of exceptions in this case, however, fails to disclose any petition for a change of venue, or affidavit, or other showing made in support thereof. It is true the clerk of the Circuit Court has included what purports to be a petition for a change of venue and an affidavit in support of the same in the transcript of the record, but it is well settled that the same cannot be considered by this court, unless they are preserved by bill of exceptions or certificates of evidence. Bedee v. The People, 73 Ill. 320; McElwee v. The People, 77 Ill. 493; Heacock v. Hosmer, 109 Ill. 245.

It appeared from the evidence that the testator was at the time of his death the owner of fifteen shares of the Mt. Vernon Building and Loan Association, of face value of $1,500. This stock was listed in the inventory at its withdrawal value, which was then $707.55. Shortly after the appointment of the executors, a petition for the sale of personal property at private sale was filed, and, on May 18, 1892, the stock was sold for $710.70 to Frank E. Patton, who was cashier of a bank in which George W. Evans was interested, known as the Evans Bank; that the stock was paid for from a partnership fund owned by Evans and Patton and had some twenty-six months to run before maturity. The secretary of the building and loan association testified that at the time of the sale, the book value of the stock was $966; that it matured in July, 1894, and was paid for by the association at the rate of $100 per share, its full face value. The profits of Evans and Patton from the transaction appear to have been about $600 and the court below required the executors to account for one-half of that amount, which seems to be admitted as the amount received by Mr. Evans, and ordered them to add $300.90 to

506    Appellate Courts of Illinois.

Vol. 112.] St. Louis & Belleville Electric Ry. Co. v. Erlinger.

the amount reported by them on hand for distribution. We are of opinion that the court should have required the executors, under such circumstances, to have accounted for the full amount of profits received by Evans and Patton. The stock was sold for less than its book value, and under the circumstances of this case the purchase by Mr. Evans of any interest in the same was a violation of his trust as executor. The estate suffered a loss through the sale and is entitled to be recompensed by the executors, not alone for the amount of profit received by the executor Evans but for the full amount of the loss sustained by it. The fact that the executors filed their report of the sale of the building and loan stock and amount received therefor in 1893, and that the same was then approved by the County Court, will not under the facts in this case avail them. Marshall v. Coleman, 187 Ill. 556.

No statement of account is made by which we can definitely ascertain what is claimed by the respective parties. It appears however from the record, that certain rents were or should have been collected, which do not appear to have been accounted for by the executors. Evidence having been introduced tending to show that the executors had received such rents and that the same had not been accounted for, their silence was not sufficient to excuse them. It was their duty satisfactorily to account for such rents, and failing to do so, they should have been charged with the same by the court.

For the reasons above given, the judgment in this case will be reversed and the cause remanded.

*Reversed and remanded.*