## IN RE ESTATE OF MARY J. MALL.

MARTHA CALDWELL ET AL., APPELLEES, v. CHARLES E. KERR, EXECUTOR, APPELLANT.

FILED DECEMBER 5, 1907. No. 14,993.

1. **Administrators, Debts of.** Where it is sought to charge a legal representative with debts owing by him to the deceased, the burden of proof is upon the party applying; but, when the contracting of such indebtedness is admitted or otherwise established, the burden is upon the legal representative to show that the same has been paid or accounted for.

2. **Evidence examined, and the judgment of the district court modified.**

APPEAL from the district court for Thayer county: LESLIE G. HURD, JUDGE. *Affirmed on condition.*

*C. L. Richards* and *J. M. Stewart,* for appellant.

*W. E. Goodhue, P. J. Carolus* and *J. M. Wilson, contra.*

EPPERSON, C.

This proceeding was instituted in the county court of Thayer county by legatees named in the will of Mary J. Mall, objecting to the final report of C. E. Kerr, executor of her estate. The legatees alleged that the executor was indebted to testatrix for certain money borrowed by him during the lifetime of testatrix, and for which he had failed to account. The county court denied the relief sought, but upon appeal the district court ordered that the estate recover from the executor $3,816.15, with interest, and the latter brings the case to this court for review.

The only contention of appellant argued in the brief and properly raised before the trial court and in the as-

signment of error is that the judgment is not supported by the evidence and is contrary to law. The evidence shows that in July, 1900, appellant gave his personal note to testatrix for $2,716.15, due five years after date, and at other times two notes for $600 and $1,200, respectively. The $2,716.15 note was given to testatrix for one-half interest in a lumber yard which she received from her husband's estate, of which estate appellant was administrator. Appellant, in addition to the note, and as a part of her share of her husband's estate, paid to testatrix a certain sum of money, which he testified was more than $100 and less than $1,000. The trial court found that the executor is chargeable with the $2,716.15 note, the $600 note, and with the sum of $500. We find no evidence in the record to support the court's finding as to the $500 item. Apparently the trial court considered that such an amount from her husband's estate remained unpaid. If so, the finding is unwarranted, because that estate appears to have been fully settled, and there is no evidence that appellant, at that time, borrowed more than the $2,716.15. The executor included the $600 note in his inventory, claiming credit for certain indorsements, and showing a remainder due the estate of $160, for which he has accounted. There can be no doubt that the court's finding is erroneous to the extent at least of charging the full amount of the $600 note to the executor, and we are of opinion that the evidence will not justify us in surcharging any part of it.

As to the note for $2,716.15, the facts are different. For a proper understanding of the situation, a brief review of the evidence is necessary. Appellant married the only daughter of Mrs. Mall, the testatrix, and lived near her. The families were intimate. She appointed him executor. Kerr and his wife and their children were bequeathed $3,000 by Mrs. Mall, and by her will she required Kerr to give bond in the sum of $13,000 as executor. Appellant admits the giving of the note. This fact being admitted, the burden was on him to account for the note, or, in other

words, to prove its payment. The law seems to be that, upon an accounting, the affirmative of establishing more assets than are acknowledged by the inventory or account of a personal representative is with the party objecting, but, where the assets are shown or admitted, the burden is upon the personal representative to account for their proper disposition. 18 Cyc. 1180, 1181, note 42. See, also, *Wilbanks v. Crosno & Evans,* 112 Ill. App. 503; *In re Bayley,* 67 N. J. Eq. 566; *Adams v. Adams,* 113 Ga. 824.

Appellant contends that he successfully carried the burden of proving that he paid the note before the death of Mrs. Mall. He testified that he made several payments in cash from time to time to Mrs. Mall and indorsed the amounts on the note; that one large sum was paid in this way: Mrs. Mall had purchased residence property of a party owing appellant. The purchase price was paid by appellant giving credit to the vendor; but he does not remember either the date or the amount, nor does he produce his books or account for their absence. He is corroborated by other witnesses as to the fact that a payment was made to Mrs. Mall in this way upon some indebtedness owing by him. We also find that there was another $1,200 secured note which had been paid, and, in view of the fact that the $2,716.15 note was not then due, it is possible that the above payment was in satisfaction of the secured debt. He further states that the note was turned over to him when paid; that he did not keep it; that he is unable to produce it; that he took no receipt from Mrs. Mall, and that he kept no record of the payment. Incredible as it seems, appellant, a business man, would have us believe that he had these large dealings and a settlement with Mrs. Mall, who was somewhat advanced in years, without taking a receipt for the money he paid, or having a witness to the settlement, or making a memorandum of dates and amounts. Mrs. Mall lived in her own home, was economical, and kept boarders to assist in making a living. She had at least $2,000 other than the several amounts loaned to appellant. If Kerr paid her the

$2,716.15, the record is silent as to what disposition she made of it; and it seems incredible that a woman of her habits and station in life would dispose of such a sum without it being known. Again, Mrs. Mall executed her will six months prior to her death, and bequeathed $4,600 to relatives. It is difficult to understand how Mrs. Mall, a person of ordinary intelligence, would attempt to dispose of such a sum if she did not possess anything near that amount. Appellant was a very unsatisfactory witness, so much so that the trial court was compelled to reprimand him for making evasive answers. We are convinced that Kerr could have produced documentary evidence, memoranda of dates and amounts, which would have given credit to his testimony, were it true. And, further, in view of the fact that Kerr within an hour or two after Mrs. Mall's death showed considerable anxiety about getting control of her papers, and had an opportunity to destroy his own notes, and admitted about the time he was appointed executor that he had $1,000 with which to settle appellees' bequests of $1,600, we conclude that the learned trial court was right in finding that the executor had not paid this indebtedness.

We therefore recommend that the judgment of the district court be affirmed, if the appellees remit from the judgment all in excess of the sum of $2,716.15, with interest at 7 per cent. from March 29, 1904; otherwise, that it be reversed.

DUFFIE and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is affirmed, if the appellees within 30 days remit from the judgment all in excess of the sum of $2,716.15, with interest at 7 per cent. from March 29, 1904; otherwise, the cause is reversed and remanded.

JUDGMENT ACCORDINGLY.