CHICAGO—FIRST DISTRICT—JUNE, 1910.    681

Lakeside Fish & Oyster Co. v. Mutual Fish Co., 155 Ill. App. 681.

Lakeside Fish & Oyster Company, Defendant in Error  v. Mutual Fish Company, Plaintiff in Error.

Gen. No. 16,145.

MUNICIPAL COURT—*when bill of exceptions stricken.*  A bill of exceptions not presented and filed within sixty days after judgment or within such further time as may have been provided for within such sixty days, will be stricken from the record.

Assumpsit. Appeal from the Municipal Court of Chicago; the Hon. STEPHEN A. FOSTER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed June 3, 1910. *Certiorari* denied by Supreme Court (making opinion final).

KAPLAN & KAPLAN, for plaintiff in error.

STEIN, MAYER & STEIN, for defendant in error.

MR. PRESIDING JUSTICE CHYTRAUS delivered the opinion of the court.

This is a writ of error sued out of this court to procure the reversal of a judgment rendered in a case of the first class in the Municipal Court of Chicago. Defendant in error has presented a motion that the bill of exceptions brought up in the record be stricken. The motion is based upon the ground that the bill of exceptions was tendered after the expiration of the period of time, subsequent to the rendition of the judgment, during which bills of exception must, in that court, be tendered to the judge, according to the statute under which the Municipal Court exists and exercises its powers.

Section 38 of the Municipal Court Act, chapter 37, Revised Statutes, provides that in cases of the first class in the Municipal Court a bill of exceptions may be tendered to the judge at any time within sixty days after the entry of judgment or within such further time thereafter as the court, upon application made therefor *within such sixty days,* may allow. The judg-

ment was entered on July 16, 1909. The sixty days allowed by the statute expired on September 14, 1909. On September 9, 1909, within the sixty days, the Municipal Court, upon application, allowed an extension of time to September 25, 1909. The bill of exceptions was not tendered, however, until October 1, 1909, when it was signed and filed. This was after the expiration of the period within which, according to the language of the statute, it was permissible to present a bill of exceptions. True, the Municipal Court, on September 22, 1909, allowed an extension of time to October 4, 1909. This second extension, however, was allowed after the expiration of the sixty day period, fixed by the statute, during which application for and allowance of further time might be made, and this extension had, therefore, no warrant in the law by which the court was created and through which alone the court derives the powers it exercises and, consequently, this extension was a nullity. The Municipal Court is not an inferior court in the common law sense of the term. It is a court of record of a limited specified jurisdiction; but, while it is a court of record, it is none the less a special statutory court. The statute is the sole source of its power. In respect to the practice and procedure therein, it can rightfully exercise only such powers, and these within such time, as the statute creating it authorizes. Bills of exceptions in that court, as well as statements of facts in its fourth class cases, are creations of the statute. Without any statutory provision for bills of exceptions such documents would, in that court, have no existence, any more than would appeals or writs of error from its decisions if none were provided for. As the court is a creature of the statute, the statute—and the statute alone—prescribes not only the practice and procedure therein but appeals therefrom and the manner in which its records shall be made up for review.

The question here presented would have been an entirely different one had it arisen in connection with a

record from one of the circuit courts of the state or the Superior Court of Cook county. The circuit courts and the superior court exist under and derive their powers directly from the constitution, while the Municipal Court of Chicago is a court authorized by the constitution and created by a statutory enactment. The constitution provides that the circuit courts shall have original jurisdiction of all causes in law and equity and that instrument has placed the superior court on the same level with the circuit courts. It was early held (Beaubien v. Brinckerhoff, 2 Scam. 270, 274) that the circuit courts exercise all the powers and jurisdiction of the courts of king's bench and common pleas in England. It is not from any statute of this state that the circuit courts derive their powers respecting bills of exception and the practice in those courts is not regulated nor is the period of time within which bills of exception in those courts shall be presented or settled limited by any such statute. According to the constitutional provision which authorizes its existence, the contrary is true of the Municipal Court. Inherently the Municipal Court has no power to act in respect to bills of exception after the expiration of the time limitation imposed by the statute.

Moreover since this motion to strike the bill of exceptions was presented the Supreme Court, in Lassers v. The North-German Lloyd Steamship Company, 244 Ill. 570, which affirms an opinion rendered by the main branch of this court (150 Ill. App. 273), has disposed of the question here involved beyond further discussion. That case was a fourth class case in the Municipal Court. As to fourth class cases paragraph 6 of section 23 of the Municipal Court act provides that within thirty days after the entering of judgment "or within such further time as may, upon application therefor within said thirty days, be allowed by the court" a correct statement of the facts or a stenographic report of the proceedings shall be signed and placed on file. In the Lassers case a stenographic report was filed, but

neither within the thirty days fixed by the statute nor within the further time allowed by the court within those thirty days. The Municipal Court allowed a second extension within the further time the court first allowed, but after the expiration of the statutory thirty days. Within that second extension the stenographic report was filed. The stenographic report was stricken from the record by the Appellate Court because the Municipal Court was without power to grant the second extension of time and because the report was filed after the expiration of the first extension. This action of the Appellate Court the Supreme Court affirmed. Upon principle that decision is decisive of the question now before us.

The motion to strike from the record the bill of exceptions is allowed.

Upon an inspection of the assignment of errors it appears that the errors assigned are all of such nature as to require a bill of exceptions for consideration thereof. The bill being now stricken, nothing remains upon which a reversal of the judgment of the Municipal Court can possibly be predicated.

The judgment is therefore affirmed.

*Affirmed.*