George B. Haines, Appellee, v. The Knowlton Danderine Company, Appellant.

Gen. No. 15,126.

1. MUNICIPAL COURT—*when without jurisdiction to extend time for bill of exceptions.* The Municipal Court has no jurisdiction even upon stipulation to allow any extension of time for the filing of a bill of exceptions beyond the expiration of the extension of time allowed within the sixty days referred to in the statute.

2. MUNICIPAL COURT—*what does not confer jurisdiction to extend time for bill of exceptions.* The settling of a bill of exceptions is a judicial act and when there is now power under the statute to settle such bill the parties cannot, by stipulation, invest the Municipal Court with power in that respect.

3. APPEALS AND ERRORS—*joinder in error will not enlarge court's powers.* Joinder in error does not validate an invalid bill of exceptions and does not empower a court of review to act upon an invalid bill of exceptions or to exercise the judicial power where such power is lacking; nor does it prevent a defendant in error from challenging the validity of a purported bill of exceptions.

MACK, J., dissenting.

Assumpsit. Appeal from the Municipal Court of Chicago; the Hon. McKENZIE CLELAND, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Affirmed. Opinion filed June 28, 1910.

MOSES, ROSENTHAL & KENNEDY, for appellant; JOSEPH W. MOSES, of counsel.

JAMES A. BRADY and WILLIAM ENGLISH, for appellee.

MR. PRESIDING JUSTICE CHYTRAUS delivered the opinion of the court.

This is an appeal prosecuted by appellant, who was defendant below, for the reversal of a judgment rendered against it in a case of the first class in the Municipal Court of Chicago. Appellee has interposed a motion that the bill of exceptions, brought up in the record from the Municipal Court, be stricken from the record. The ground suggested in support of the motion is that the bill of exceptions contained in the record was tendered after the expiration of the period of time within which, under the statute, a bill of exceptions might be tendered and signed and after the power of the trial judge to sign and settle the bill of exceptions had ceased to exist.

It appears that the judgment in the case was rendered and entered on July 11, 1908. An order was entered when the judgment was rendered, allowing appellant sixty days within which to present a bill of exceptions. This period corresponds to the period fixed by the statute in cases of the first class and expired on September 9, 1908. By an order entered on September 3, 1908, the time was extended to and including September 30, 1908. On September 30, 1908, the time was extended to and including October 5, 1908. On October 5, 1908, the time was extended to and including October 12, 1908. On October 12, 1908, the time was extended to and including October 19, 1908, and on the latter date the time was again extended to include October 26, 1908. The bill of exceptions, which had been O. K.'d by appellee's attorneys, was tendered to the trial judge on October 10, 1908, and it was signed and sealed on October 26, 1908.

According to the statute creating the Municipal Court, bills of exceptions may, in cases of the first class tried in that court, be tendered to the trial judge at any time within sixty days after the entry of judgment and within such further time as the court may allow, upon application for time made within those sixty days. Section 38, Municipal Court Act, chap. 37, Rev. Stats.

The Municipal Court derives the powers which it can lawfully exercise in respect to bills of exceptions from the statute and from the statute alone. There is no basis in the statute for the contention that the Municipal Court may allow any further extension of time, after the expiration of the extension of time allowed within the sixty days referred to in the statute. Lassers v. North-German Lloyd Steamship Co., 244 Ill. 570; Lakeside Fish & Oyster Co. v. Mutual Fish Co., 155 Ill. App. 681. In both of those cases, one a case of the fourth class and the other a case of the first class, the motions to strike the bill of exceptions from the record were allowed.

What was said in those two cases is decisive of the motion to strike made herein, unless a different disposition of the motion is required either by the fact that appellee's attorneys consented and stipulated to the statutorially unauthorized extensions or by the fact that the motion to strike was not made until after joinder in error here by appellee.

As appears from the record, the Municipal Court disposed of this case by the rendition and entry of a judgment on July 11, 1908. By repeated stipulations the parties delayed the presentation of the bill of exceptions from that time until October 10, 1908, on which day the bill was first presented to the trial judge. The several extensions of time were all made upon consent and stipulation of the parties.

The statute we have referred to, under which the trial judge acted in settling the bill of exceptions, only authorized him to perform the judicial act of settling such bill of exceptions as would be presented on or before September 30, 1908. The act of settling a bill of exceptions and of extending the time for the presentation or tendering of the bill are judicial acts. Hake v. Strubel, 121 Ill. 321. It is now in substance contended by appellant that the consent and stipulation of appellee to the time extensions, for the performance of the judicial acts involved, and the O. K. of the bill of exceptions continued the existence of the judicial power in the trial judge beyond the statutory termination thereof, so that at the time he acted he possessed judicial power of

settling this bill of exceptions not tendered in time and that thus was rendered valid his otherwise invalid judicial action. That is, although under the statute—whence alone that court can derive power—the Municipal Court was powerless to act after September 30, 1908, yet, by virtue of the acquiescence of a party, that court was clothed or invested with the judicial power to perform the judicial acts of extending time and settling the bill of exceptions long after that date. This involves not merely a submission of the person to the jurisdiction of the court, which may be done, but it involves the empowering of a court, created by a statute, to exercise one of its functions, authorized by that statute, under conditions when the statute itself does not authorize it. We consider the question here involved as one regarding the exercise of a statutory power, not merely one of exercise of jurisdiction over the person. It is a well settled principle that by consent or acquiescence a party may originally invest, or, if once lost, reinvest, a court with jurisdiction over his person; but it is also equally well settled that the parties cannot by their own acts invest a court with the judicial power of the state, or, in other words, by consent, invest a court with jurisdiction to act with reference to a subject-matter in respect of which the court has no authorization from the state to act. Mansfield v. Mansfield, 203 Ill. 92, 98; Perry v. Bozarth, 198 Ill. 328, 336. "The rule is that jurisdiction of the subject-matter cannot be conferred upon a court by consent of the parties, nor can want of it be waived." Randolph County v. Ralls, 18 Ill. 29, 31.

It appears to us that in the case at bar the Municipal Court lacked the power to settle a bill of exceptions tendered after September 30, 1908, because, by the clear and unambiguous terms of the statute, the charter which authorizes it to exercise judicial power and under which alone it is enabled to exercise judicial power, it was only authorized to settle such bill of exceptions as would be tendered on or before that date. The limitation upon the exercise of the power to a time before the expiration of that date is as clear as if the date itself had been specified in the statute. Suppose on

the day the judgment was rendered, the parties had, in advance, stipulated to disregard the statute which fixes the time for the tendering of a bill of exceptions in that court, would such stipulation be upheld? We think not. To uphold such stipulation would be a judicial abrogation or nullification of the statutory provision limiting the time for the filing of bills of exceptions.

In Hake v. Strubel, cited above, the question the court was asked to determine related, as there stated, to the power of a circuit judge, out of term, to open and change the record of a court which had been held by him, as well as to the character of the act of a judge in approving, signing and sealing a bill of exceptions. It appears that in that case the judgment was rendered on April 21, 1886, and that sixty days were allowed for the filing of a bond and the bill of exceptions; that, on June 4, 1886, in vacation, the judge allowed an extension of time of fourteen days for the presentation of the bill of exceptions; that after the bill of exceptions had been prepared it was presented to appellee's attorney, who marked it "O. K."; that, within the extended time, the bill of exceptions was presented to the trial judge with an insertion therein to the effect that it had been presented to appellee's attorneys who agreed that it be considered as presented, signed and filed as of July 2, 1886. The sixty days allowed in the original order, it will be observed, expired on June 21, 1886. The court held the extension order made during vacation to be ineffective for lack of power in the judge. And, in conclusion, the court said: "It is unnecessary to discuss the effect of the act of appellee's attorney in marking the bill, when presented to him after the sixty days' 'O. K.' * * or of any agreement entered into by the attorneys of the parties after that time, if any was made, further than to observe that, during the term, as the authorities clearly show, the parties may bind themselves, by an agreement or stipulation of record, as to the time in which a bill may be presented and filed; but after term, and after the time for presenting the bill fixed in the order of appeal had expired, if the judge was powerless to act in the prem-

ises, as we have seen he was, he could not be vested with the requisite power to settle and allow a bill *by consent or agreement of the parties.*" The purport of this decision is clearly to the effect that where a court is not possessed, inherently, of power to settle a bill of exceptions the parties cannot invest him with that power by agreement. The exercise of that power after the time allowed by law, therefore, whether it be after the expiration of a term of court or after the expiration of a period fixed by statute, involves more than the jurisdiction over the person, the lack of which may be waived by the party. It is, in that respect, unlike a party appearing, after the judgment term, and consenting to the setting aside of a judgment.

It is not to be assumed that this statute for the prevention of repeated extensions of time is without a purpose. As said in Carroll v. Pryor, 38 Ark. 283, "It cannot be expected of a judge of ordinary memory, trying many cases, to carry in his mind a perfectly clear conception of all the material evidence in any case." The time for tendering the bill of exceptions "ought not, as a matter of sound discretion, to extend beyond the time fairly necessary to allow the attorney, with reasonable diligence, to prepare it." In Wood's Adm'r v. Brown, 8 Ala. 563, 564, where a statute limiting the time for filing bills of exceptions was involved, it was said: "The evil complained of was, that the judges were frequently called upon, after the court at which the causes had been tried had adjourned to seal bills of exception, and when the facts and the points reserved had faded from their memory; that sooner than submit to the suspicion of not being willing to have their judgment revised, they sometimes signed bills which were inaccurate and which occasioned a reversal to the prejudice of the other party. To avoid such a result, the act in question was passed." While these two cases are not in point upon the legal question here involved, they do point out one of the reasons for not permitting parties to delay, indefinitely, the tendering of the bill of exceptions.

We regard it as clear that the consent to the extensions of time in the case at bar did not enlarge the power of the

court so as to give validity to the act of the judge in settling, signing and sealing a bill of exceptions not tendered within the time fixed by the statute.

In Corbin v. Graves, 132 U. S. 571, 590, a case removed to the United States Circuit Court from the Circuit Court of Cook County, Illinois, the United States Supreme Court, notwithstanding that during a six years' litigation the lack of jurisdiction in the federal Circuit Court had not been raised and that a decree upon the merits had been rendered without any such objection, reversed the judgment of the federal Circuit Court not for error in the decree but for lack of power in that court to adjudicate between the parties. In that same case the United States Supreme Court held that upon appeal it would take notice of the lack of jurisdiction in the trial court although the point were not raised either in the trial court or upon appeal. The same rule is laid down in Chicago Portrait Co. v. Chicago Crayon Co., 217 Ill. 200. No court will itself knowingly exceed its powers or jurisdiction nor permit excess of power or jurisdiction in a subordinate court. Whenever knowledge that inadvertently there has been such excess reaches its attention, at whatever stage in a cause or proceeding the judicial encroachment will immediately be corrected. Courts will not exceed their powers even by the express or implied consent of parties. It follows from what we have said that, notwithstanding the joinder in error in the case at bar the motion to strike must be allowed. The motion to strike the bill of exceptions is allowed.

It appears that the errors assigned upon the record are such as to require a bill of exceptions for the consideration thereof and, as the allowance of the motion to strike leaves no bill of exceptions in the record, the judgment must be affirmed.

The judgment is, therefore, affirmed.

*Affirmed.*

MR. JUSTICE MACK dissents.