## The People of the State of Illinois, Defendant in Error, v. George Smith and Martha Brown, Plaintiffs in Error.

### Gen. No. 7,886.

1. CRIMINAL PROCEDURE—*power of court to extend time for filing bill of exceptions after expiration of period allowed therefor.* After the expiration of the period allowed by an order of the county court for filing a bill of exceptions the court is without authority to grant an extension of time in which to file such bill.

2. CRIMINAL PROCEDURE—*failure to file bill of exceptions in time as ground for striking it from record.* Where the record shows that the bill of exceptions was not filed within the time limited by the order of the court authorizing the same, the bill will be stricken from the record.

3. CRIMINAL PROCEDURE—*joinder in error as curing defective bill of exceptions or precluding attack thereon.* Joinder in error does not validate an invalid bill of exceptions and does not empower a court of review to act thereon, nor does it prevent a defendant in error from challenging the validity of the purported bill of exceptions.

4. CRIMINAL PROCEDURE—*when inclusion of evidence in bill of exceptions essential.* Where a question raised for review depends upon the evidence, such evidence must be incorporated in the bill of exceptions or the point cannot be considered.

5. CRIMINAL PROCEDURE—*conformity of criminal practice to civil in saving questions for review.* Exceptions may be taken in criminal cases, and bills of exceptions shall be signed and sealed by the judge and entered of record and error may be assigned thereon by the defendant the same as in civil cases.

6. CRIMINAL PROCEDURE—*time for settlement, signature and sealing of bills of exceptions.* Where no statute provides otherwise the settlement and signature of a bill of exceptions must be made before the expiration of the term at which the trial is held or within such time as the court may at that term grant for the purpose.

7. CRIMINAL PROCEDURE—*necessity for inclusion of motions and rulings thereon in bill of exceptions.* Motions made during the progress of a trial, and the rulings of the court thereon, must be preserved in a bill of exceptions in order that there may be a review thereof. They do not become a part of the record unless made so by the bill of exceptions.

8. CRIMINAL PROCEDURE—*assignment of error as to form of verdict not considered where verdict not set out in record.* An assignment that the court erred in entering judgment upon the verdict against joint defendants in a prosecution for violation of the Prohibition Act because the verdict does not specify upon what count or counts the defendants and each of them are found guilty, will not be considered where the verdict is not set out in the abstract, especially where it appears that the jury found both defendants guilty on all four counts of the information.

Error by defendant to the County Court of Macon county; the Hon. JOHN H. McCOY, Judge, presiding. Heard in this court at the October term, 1925. Affirmed. Opinion filed March 8, 1926.

W. J. CAREY and LEE & LEE, for plaintiffs in error.

CHARLES F. EVANS, State's Attorney, A. R. IVENS and EMANUAL ROSENBERG, Assistant State's Attorneys, for defendant in error.

MR. JUSTICE SHURTLEFF delivered the opinion of the court.

Plaintiffs in error were convicted at the August term, 1924, of the county court of Macon county of violating the Prohibition Act and duly sentenced. They have brought the record to this court by writ of error for review.

Defendant in error has moved to strike the bill of exceptions appearing in the record on the ground that it was not signed, approved and filed within the time allowed by order of court for such filing. The abstract presented of the common-law record does not comply with the rules of this court and is not even a complete index of the record.

From an examination of the record we find that judgment was entered in this cause on October 11, 1924, during the August term of said court; that on said day the execution of said judgment was stayed for a period of 60 days by order of court and plaintiffs in error were given, by said order, 40 days to prepare

and present a bill of exceptions. The August term, 1924, of the county court of Macon county adjourned without day, and the December term of said court opened on December 8, 1924, that being the second Monday of said month. Upon December 9 the second day of the December term, 1924, of said court, and 59 days after the original order for a bill of exceptions had been entered and after the term had expired in which said bill of exceptions had been granted, by an order of court the time within which to present a bill of exceptions was extended for a period of 60 days. The county court of Macon county had no power or jurisdiction to grant an extension of time on December 9, 1924, to present a bill of exceptions.

A bill of exceptions not presented within the time required by the order of the court will be stricken from the record. (*Parker v. Village of LaGrange,* 167 Ill. 623.)

Joinder in error does not validate an invalid bill of exceptions and does not empower a court of review to act upon an invalid bill of exceptions or to exercise the judicial power where such power is lacking, nor does it prevent a defendant in error from challenging the validity of a purported bill of exceptions. (*Haines v. Knowlton Danderine Co.,* 156 Ill. App. 408, aff'd 248 Ill. 259.)

An indorsement of "O. K." upon a stenographic report by counsel for defendant in error does not estop the latter from objecting that it was not filed in time. (*William J. Lemp Brewing Co. v. Alliance Assur. Co.,* 192 Ill. App. 300.)

The general law is that when the question raised for review depends upon the evidence, such evidence must be incorporated in the bill of exceptions or the point cannot be considered by the reviewing court. Exceptions may be taken in criminal cases, and bills of exceptions shall be signed and sealed by the judge and entered of record and error may be assigned thereon

by the defendant the same as in civil cases. Where no statute provides otherwise the settlement and signature of a bill of exceptions must be made before expiration of the term at which the trial is held or within such time as the court may at that term grant for the purpose. (*People v. Ellsworth,* 261 Ill. 275; *Hunter W. Finch & Co. v. Zenith Furnace Co.,* 245 Ill. 586; *People v. Strauch,* 247 Ill. 220; *Wabash, St. L. & P. Ry. Co. v. People,* 106 Ill. 652.)

Motions of various kinds made during the progress of the cause and rulings by the court thereon must in order to be reviewed be preserved by a bill of exceptions. They do not become a part of the record unless made so by the bill of exceptions. (*McElwee v. People,* 77 Ill. 493; *Bedee v. People,* 73 Ill. 320.)

Bill of exceptions must be presented to the trial judge for signature during the term at which the cause is disposed of, or within such further time as shall be limited by the court by an order entered during that term. If the court shall be in session at any succeeding term before the expiration of the time granted, the court may, prior to the expiration of the time granted and during such succeeding term, make another order extending the time within which the bill of exceptions may be filed; but if the term at which the cause was disposed of is adjourned and thereafter the period first fixed for filing the bill of exceptions expires without an order providing for an extension of time, the court, subsequent to the expiration of that period, is without jurisdiction to make an order extending the time within which to present the bill of exceptions. (*Richter v. Chicago & E. R. Co.,* 273 Ill. 625; *Pieser v. Minkota Milling Co.,* 222 Ill. 139; *People v. Tananevicz,* 285 Ill. 376; *People v. Powers,* 200 Ill. App. 536.)

The county court of Macon county having no jurisdiction over said cause or power to extend the time in which to present a bill of exceptions, the bill of excep-

tions appearing in the record in this cause is ordered to be stricken from the record.

There was no motion made in the court below to quash the information or the second and third counts thereof, upon which a conviction was had, and no question is raised upon this record as to the sufficiency of the charge or the form of the judgment. Plaintiffs in error, in their eighth assignment of error, say that the court erred in entering judgment against the defendants and each of them, as the verdict does not specify upon what count or counts the defendants and each of them are found guilty. Plaintiffs in error, however, have not set out the verdict in the abstract. The word "verdict" is found in the index, and "verdict finding defendants guilty" on page two of the abstract. As a matter of fact there were four counts in the information and the jury by its verdict found both defendants guilty "on all four counts of the information."

Finding no error in the judgment of the county court of Macon county, that judgment is affirmed.

*Affirmed.*